**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CRISTINA CARRILLO

               Plaintiff,

     - vs –

MICOL SABBADINI, ZV NY, INC., ZV France, S.A.S., and JOHN DOES 1-10

            Defendants.

---

Civ. Action No.

**COPYRIGHT INFRINGEMENT**

## COMPLAINT

Plaintiff Cristina Carrillo ("Carrillo" or "Plaintiff"), by and through undersigned counsel, as and for her complaint against Defendants Micol Sabbadini ("Sabbadini"), ZV NY, Inc., a/k/a "Zadig & Voltaire" ("ZV NY") and "ZV France, S.A.S." ("ZV France") (together, the "ZV Defendants") and John Does 1-10 ("Doe Defendants") (collectively the "Defendants"), on knowledge as to Plaintiff and otherwise on information and belief formed after a reasonable inquiry pursuant to Rule 11 of the Federal Rules of Civil Procedure, respectfully alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff Carrillo brings this civil action under the United States of America ("USA") Copyright Act.

2. Plaintiff seeks injunctive and monetary relief under the Copyright Act, 17 U.S.C. §§ 101 *et seq*., arising out of the Defendants' unauthorized reproduction, distribution, public display, and other unauthorized use of Plaintiff's copyrighted work "*Love Will Rise Above All*" (the "Work").

3.  Defendants' unlawful actions have caused, and will continue to cause, irreparable harm to Plaintiff unless enjoined by this Court.

**THE PARTIES**

4.  Plaintiff Carrillo is a resident of the state of New York.

5.  Defendant Sabbadini is a professional photographer who resides in Milan, Italy and New York City, New York.

6.  Defendant ZV NY is a corporation organized and existing under the laws of the state of New York, with a principal place of business located at 453 Broome Street, New York, NY 10013.

7.  In 2023, Defendant ZV NY signed a 10 year, 12,000+ square feet, commercial lease for a flagship store space at the Dumont Building, located at 515 Madison Avenue, New York, NY 10022.

8.  Defendant ZV NY's current, and future, headquarters are in the city of New York, New York.

9.  Defendant ZV France is a corporation organized and existing under the laws of France.

10. ZV France's headquarters are located at 11 Avenue d'Iena, 75116 Paris, Ile de France.

11. The ZV Defendants offer "rock inspired" apparel for men and women at a luxury price point.

12. Defendant John Doe(s) 1-10 are persons or entities whose true identities are currently unknown to Plaintiff, and who have purchased the goods at issue in this action from the ZV Defendants, and distributed, displayed, offered for sale and sold such goods to consumers, both in brick-and-mortar stores and/or online, and have therefore reproduced, publicly displayed and/or distributed the copyrighted Work. Plaintiff Carrillo will amend

the pleadings as necessary to add these specific individuals or entities as parties to this action once they have been identified in the course of discovery.

**JURISDICTION AND VENUE**

13. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1338 because it involves federal questions arising under the Copyright Act, as amended, 17 U.S.C. §§ 101 *et seq*.

14. This Court's exercise of jurisdiction over this action is proper because it is a civil action seeking damages for copyright infringement under the copyright laws of the United States under 17 U.S.C. §§ 1700 *et seq*.

15. Defendant Sabbadini was in this district when she engaged in the unlawful acts that violated Plaintiff's Copyright in the Work.

16. Defendant Sabbadini regularly and systematically conducts business in this district and maintains part-time residency in the state of New York and describes herself as "[w]orks and lives between Milan and New York." A true and correct copy of Defendant Sabbadini's "About Me" page found on her website, **https://micolsabbadini.com/about/** (last accessed June 19, 2023), is attached hereto as **Exhibit 1**.

17. Defendant ZV France is a retailer of luxury apparel and accessories. ZV France has over 350 brick-and-mortar retail stores worldwide, of which 60 brick-and-mortar stores are in the USA, and no less than 10 stores are located in the state of New York. A true and correct copy of Defendant ZV France's "Store Locator" page from the U.S. Website found at https://us.zadig-et-voltaire.com/store-locator (last accessed June 28, 2023), is attached hereto as **Exhibit 2**.

18. According to the Privacy Policy on its website, Defendant ZV France owns, operates, controls, maintains and is solely responsible for the content of all the Zadig & Voltaire websites, including the retailer's U.S. website, with a web address of https://us.zadig-et-voltaire.com/. A true and correct copy of the ZV France "Privacy Policy" found at https://us.zadig-et-voltaire.com/privacy-policy (last accessed June 29, 2023), is attached hereto as **Exhibit 3**.

19. Upon information and belief, ZV NY is a wholly owned subsidiary of ZV France.

20. This Court's exercise of personal jurisdiction over the ZV Defendants would not offend traditional notions of fair play and substantial justice because they regularly transact business within the district, have committed tortious acts in this district, derive substantial revenue from or engage in a persistent course of conduct in this district, have committed tortious acts outside this district causing injury in this district, and have otherwise established sufficient contacts within this state making the exercise of personal jurisdiction proper.

21. This Court has personal jurisdiction over all Defendants, and venue in this District is proper because Defendants or their agents reside or may be found in this district, Defendants transact business in this district, Defendants infringed on Plaintiff's copyright in this district and have supplied the infringing goods in this district, the events giving rise to Plaintiff's infringement claim occurred in this district, and the Defendants have caused and continue to cause damages to Plaintiff Carrillo who is a resident of and is located in this District.

22. This Court has personal jurisdiction over all Defendants and venue properly lies in this district pursuant to 28 U.S.C. § 1400(a).

## STATEMENT OF FACTS

### Plaintiff's Copyright in the "Love Will Rise Above All" Work

23. Plaintiff Carrillo is a painter, crafter, illustrator, collagist, professional singer, and actor who resides in New York City, New York.

24. Plaintiff passionately supports various social and political causes by volunteering, marching, and creating art in various mediums which focuses on a message of harmony and love as a guiding light towards a better future.

25. Plaintiff's artwork is identifiable for her use of colorfully exaggerated letters that present to the viewer as a base form of voluminous curves that stand in contrast to delicate and linear botanical figures as adornments.

26. Plaintiff began developing her unique and original painting style - the contrast of balloon-like letters to lineal florals – in 2013.

27. On January 21, 2017, Plaintiff participated in the New York City Women's March (the "Women's March") which was organized as a form of collective action in support of women, people of color, immigrants, and the LGBTQ+ community.

28. The morning of the Women's March, Plaintiff used a paint brush to affix onto a white board her signature rounded balloon-like letters stating in colorful bold letters: "*Love Will Rise Above All.*" A copy of a photograph taken with Plaintiff's cellphone camera at Plaintiff's request at the Women's March is included below, and attached hereto as **Exhibit 4**.



29. Plaintiff created the Work by painting, with a paint brush, and acrylic paints each letter individually, and then adding a single-stem rose framed within the letter "O" within the word "love." *See* **Exhibit 4**.

30. Plaintiff selected various acrylic paints in primary colors from her existing art supplies and mixed them to create the specific shade of red for the word "love" and "rise," and a shimmery lilac for the word "will" and the words "above all" in the Work. *See* **Exhibit 4**.

31. The bold, playful, and handcrafted look and feel of the letters and flower in Plaintiff's Work are unique and original.

32. After completing the letters in the Work, Plaintiff mixed a light shade of grass-green for the rose stem and used the previously mixed red for the rose petals. A true and correct close-up of the rose depicted in Plaintiff's Work (included in **Exhibit 4**) is below, and attached hereto as **Exhibit 5**.



33. The single stem rose inside the letter "O" in the Work's "Love" is a unique and original creation by Plaintiff. *See* **Exhibit 4**

34. Plaintiff carried the "*Love Will Rise Above All*" Work with her as she walked from lower Manhattan up 5th Avenue alongside the other Women's March participants.

35. Between 2017 and 2020, Plaintiff referenced her "*Love Will Rise Above All*" Work in other painted pieces and mixed-media collages.

36. Plaintiff also included the Work in her professional acting, such as when she hung the Work in the bedroom set of a character she was playing. A true and correct copy of an October 20, 2017, picture of Plaintiff and the Work is below, and attached hereto as **Exhibit 6**.



**Defendant Sabbadini's Infringement**

37. Defendant Micol Sabbadini, an Italian luxury fashion photographer, also attended the New York City Women's March on January 21, 2017, on assignment from W Magazine. A true and correct copy of the text from a January 24, 2017, article featuring Defendant Sabbadini's work for W Magazine found at https://www.wmagazine.com/gallery/womens-march-in-new-york-polaroid-photographs (last accessed July 1, 2023) is attached hereto as **Exhibit 7**.

38. Defendant Sabbadini's work has been featured in international fashion magazines such as Vogue, Elle, and Marie Claire, and she has partnered on numerous occasions with luxury fashion brands such as Louis Vuitton, Max Mara, Armani, and Tod's, among others. A true and correct copy of the "Press" page from Defendant Sabbadini's website found at https://micolsabbadini.com/press/ (last accessed July 1, 2023) is attached hereto as **Exhibit 8**. *See* also **Exhibit 1**.

39. Defendant Sabbadini photographed the participants at the Women's March with a polaroid camera. *See* **Exhibit 7.**

40. In June of 2018, Defendant Sabbadini exhibited Polaroid pictures purportedly taken at the Women's March at the Milan Triennale (the "Triennale Museum"), an art and design museum located in Milan, Italy. *See* **Exhibit 1**.

41. Defendant Sabbadini's Triennale Museum exhibit was titled "*May your choices reflect your hopes and not your fears.*" *See* **Exhibit 1**.

42. Defendant Sabbadini's Triennale Museum exhibit included a Polaroid picture of an unidentified Women's March participant holding a poster that reads "*Strong Women. May we know them, raise them, be them*" - a quote attributed to 19th Century mathematician

Countess Ada Lovelace (the "Participant Photograph"). A true and correct copy of the Participant Picture from a Vogue Italia article dated June 5, 2018 found at https://www.vogue.it/news/vogue-arte/2018/06/05/micol-sabbadini-approda-triennale-le-sue-polaroid (last accessed on July 1, 2023) is included below, and is attached hereto as **Exhibit 9**.



**The "Zadig & Voltaire X Micol Sabbadini" Collaboration**

43. In mid- 2017 Defendant Sabbadini "wanted a brand which was not afraid to speak about the issues and that would fit the mood of the Women's March, and Zadig & Voltaire [sic] seemed the perfect match", so she approached the ZV Defendants about working together. A true and correct copy of an article from W Magazine dated February 17, 2018 found at https://www.wmagazine.com/story/micol-sabbadini-zadig-voltaire-t-shirts (last accessed on July 1, 2023), is attached hereto as **Exhibit 10**.

44. Cecilia Bonstrom, Zadig & Voltaire's Artistic Director, agreed to partner with Defendant Sabbadini and together they announced the "Zadig & Voltaire X Micol Sabbadini" Collaboration (the "Collaboration") at the close of the Zadig & Voltaire New York Fashion

Week - Spring 2018 runway show. A true and correct copy of the article by Vogue France dated February 12, 2018 found at https://www.vogue.fr/fashion/fashion-news/articles/-zadig-/60320 (last accessed on July 1, 2023), is attached hereto as **Exhibit 11**.

45. The Collaboration consists of three images printed on short-sleeved, white cotton t-shirts with a rounded neckline. The t-shirts are individually silk-screened on the front with an image of a "Polaroid" picture purportedly taken by Defendant Sabbadini at the 2017 Women's March. A true and correct copy of a photograph of Defendant Sabbadini wearing a Collaboration t-shirt from her website found at https://micolsabbadini.com/capsule-collections/zadig-et-voltaire/ (last accessed July 1, 2023) is below, and attached hereto as **Exhibit 12**.



46. The back of the Collaboration t-shirts were printed with the following: "Zadig & Voltaire. Fashion Show. 12 Feb. 18/NYC". A true and correct screenshot of a picture depicting the back of the Collaboration t-shirts found at

https://shoppremiumoutlets.com/products/zadig-voltaire-x-micol-sabbadini-t-shirt (last

accessed July 1, 2023) is included below, and attached hereto as **Exhibit 13**.



47. The February 12, 2018, date printed on the back of the Collaboration t-shirts references the
    date of the Zadig & Voltaire NY Fashion Week show where the Collaboration was
    announced by Defendant Sabbadini and the ZV Defendants. *See* **Exhibit 11**.

48. The ZV Defendants identified and distinguished the Collaboration t-shirts by the message
    in each picture: "Girls just wanna have FUN-damental Human Rights", "Give us Hope",
    and Plaintiff's Work *Love will Rise Above All*." True and correct copies of the three t-
    shirts in the Collaboration found at https://micolsabbadini.com/capsule-collections/zadig-
    et-    voltaire/ (last accessed July 1, 2023) are below, and included in **Exhibit 12**.



49. As part of the Collaboration's launch, the Zadig & Voltaire runway models and other
attending celebrities were made to and/or invited by the ZV Defendants to wear the
Collaboration t-shirts and pose for the press alongside Mrs. Bonstrom and Defendant
Sabbadini. A true and correct copy of a photograph of Z&V models at the Collaboration
launch found at https://www.maxima.pt/moda/detalhe/a-zadig--voltaire-junta-se-a-micol-
sabbadini-para-uma-colecao-solidaria (last accessed on July 1, 2023), is included below,
and attached hereto as **Exhibit 14**.



50. The NY fashion week announcement kicked-off a global publicity campaign to promote
the Collaboration paid by the ZV Defendants.

51. Defendant Sabbadini and the ZV Defendants promoted the Collaboration via their
websites, social media channels, and through various other forms of advertising as an
awareness-raising campaign to bring attention to what Defendant Sabbadini called the
"deep seated disparity between the sexes" that still exists today. *See* **Exhibit 11.**

52. Defendant Sabbadini and representatives from ZV NY and ZV France attended countless
events, interviews, and photoshoots to promote the Collaboration.

53. The Collaboration was universally applauded as ground-breaking, timely and courageous.

54. Press articles regarding the Collaboration often included pictures of Defendant Sabbadini and celebrities wearing t-shirts from the Collaboration such as model Hailey Bieber. A true and correct copy of a picture of Hailey Bieber wearing a Collaboration t-shirt found at https://www.harpersbazaar.com/es/moda/noticias-moda/a17809152/camiseta-feminista-zadig-and-voltaire-micol-sabbadini/ (last accessed on July 1, 2023) is below, and attached hereto as **Exhibit 15**.



55. From February of 2018 to the present, either directly or via contractual agreements with the Doe Defendants, Defendant Sabbadini and the ZV Defendants designed, imported, manufactured, and offered for purchase the Collaboration t-shirts at a retail price of $118.00 USD each. *See* **Exhibit 13.**

**The Infringing Polaroid**

56. In dozens of interviews about the Collaboration with national and international publications, Defendant Sabbadini claimed the images featured in the Collaboration were Polaroid photographs taken at the Women's March – this is false. *See* **Exhibit 10**.

57. Defendant Sabbadini, either acting alone or in concert with the ZV Defendants, digitally

cut the Lovelace "*Strong Women*" quote out of the Participant Photograph, and replaced it

with a copy of Plaintiff's "*Love Will Rise Above All*" artwork – the result is an image that

*presents* like a Polaroid photograph (the "Fake Polaroid") but is actually just a copy. A true

and correct screenshot of the Fake Polaroid found at http://micolsabbadini.com/capsule-

collections/zadig-et-voltaire/ (last accessed July 1, 2023) is included below, and attached

hereto as **Exhibit 16,** and also as **Exhibit 12.**



58. Defendant Sabbadini's oft-repeated claim that the Collaboration images were Polaroids is

and has always been both false and intentionally deceitful because she created the Fake

Polaroid by copying Plaintiff's "*Love Will Rise Above All*" Work.

59. Defendant Sabbadini copied Plaintiff's Work precisely because it is a powerful and original

work of art that represents the spirit and idea of the Women's March.

60. The ZV Defendants knew that Plaintiff's Work was original and unique, and either assisted

or directed Defendant Sabbadini to copy Plaintiff's "*Love Will Rise Above All*" Work so

they could use it in the Collaboration.

61. Acting in concert, Defendant Sabbadini and the ZV Defendants manufactured a fake origin story for the Collaboration images to avoid liability for their infringement and to drive sales and profits.

62. In fact, Defendant Sabbadini's professional website still describes the three images in the Collaboration as "vintage polaroid" shots and "candid sepia photographs … taken during the 2017 Women's March in New York City." *See* **Exhibit 12.**

63. The ZV Defendants uploaded to the Z&V website, and sold, fulfilled, and shipped customer orders for t-shirts with the Fake Polaroid to consumers in North America, Europe, and Asia.

64. The ZV Defendants spent large sums of money promoting the Collaboration by, among other examples, merchandizing Zadig & Voltaire retail stores in the U.S. and abroad, producing large-scale prints of the Fake Polaroid to be displayed in the Zadig & Voltaire brick-and-mortar stores, sending complimentary Collaboration t-shirts with the Fake Polaroid to celebrities and influential fashion editors, and paying for Defendant Sabbadini to attend various Collaboration related promotional events in New York.

65. The ZV Defendants organized promotional pop-up events across the globe, including at the Zadig & Voltaire Paris headquarters, to promote the Collaboration.

66. The events hosted by the ZV Defendants to promote the Collaboration were decorated with custom pink metal crowd-control barricades and stylized protest signs – an aesthetic designed to invoke the Women's March. A true and correct copy of a photo featured in I.T. News China & Hong Kong found at https://www.ithk.com/eng/html/news/279-ZADIG-amp-VOLTAIRE-CHARITY-T-SHIRT-PHOTOGRAPHY-POP-UP-LAUNCH-EVENT (last accessed on July 1, 2023) is included below, and attached hereto as **Exhibit 17**.



67. Defendant Sabbadini and the ZV Defendants have claimed that all profits from the Collaboration would be donated to Christy Turlington's non-for-profit charity Every Mother Counts. *See* **Exhibit 10**.

68. Plaintiff has been unable to locate any information indicating that such a donation was ever made to any charity organization.

### Plaintiff Carrillo Discovers the Infringement

69. Despite the extensive fashion press coverage and publicity surrounding the Collaboration, Plaintiff Carrillo did not learn of the Fake Polaroid until 2020.

70. On July 4, 2020, Plaintiff watched a video documentary produced by National Public Radio's ("NPR") on abolitionist Frederick Douglass. The documentary can be found on NPR's website at https://www.npr.org/2020/07/03/884832594/video-frederick-douglass-descendants-read-his-fourth-of-july-speech (last accessed on June 25, 2023), and is attached hereto as **Exhibit 18**.

71. The NPR documentary features five young descendants of abolitionist leader Frederick Douglass reading excerpts from his "*What, To the Slave, Is the Fourth of July?*" speech. See **Exhibit 18.**

72. To Plaintiff Carrillo's shock, the documentary featured Alexa Anne Watson, Douglass's great-great-granddaughter, wearing a Collaboration t-shirt printed with the Fake Polaroid. A true and correct copy of a screen shot of the documentary is included below and in **Exhibit 18**.



73. Plaintiff Carrillo's position evolved from gratitude that her message had reached Ms. Watson, to confusion as to how her artwork had come to be printed on a t-shirt.

74. Plaintiff reviewed hundreds of images of the Women's March and any article she could find regarding the Collaboration, but she remained unclear as to how, or when, Defendant Sabbadini took a Polaroid picture of another march participant holding her Work.

75. Plaintiff was particularly confused by Defendant Sabbadini's well-publicized claim that the images featured in the Collaboration were "candid" Polaroid pictures because Plaintiff did not share the Work with anyone else at the Women's March.

76. Defendant Sabbadini and the ZV Defendant's false narrative that the Collaboration images captured candid moments caused the Plaintiff great confusion that turned into frustration that her work had been coopted and commodified by the Defendants.

77. Plaintiff was so greatly affected by the dissonance caused by these two seemingly irreconcilable truths that she stopped painting in the style of the Work and stopped creating artwork related to social causes fearing her work would be stolen again.

78. On January 20th, 2021, after battling months of crippling self-doubt, Plaintiff gathered herself and bravely messaged Defendant Sabbadini via Instagram to Defendant Sabbadini's publicly verified profile with a username of @micolsabbadini.

79. In the message to Defendant Sabbadini, Plaintiff identified herself as the artist behind the Work. A true and correct copy of the Instagram messages from Plaintiff to Defendant Sabbadini are attached hereto as **Exhibit 19**.

80. Plaintiff included a picture of herself holding the Work at the Women's March, eagerly shared how she came to learn of the Collaboration and ended the message with words of gratitude. *See* **Exhibit 19**.

81. To date, Defendant Sabbadini has not responded to Plaintiff Carrillo's Instagram message.

82. In November of 2022, almost two years after Plaintiff learned of the Fake Polaroid and the Collaboration, Plaintiff encountered a web-ad from a third-party site offering ceramic mugs with an image of her "*Love Will Rise Above All*" Work on it.

83. In November of 2022, Plaintiff conducted a reverse Google image search of the Fake Polaroid and discovered the Participant Picture in the Vogue Italia op-ed covering Defendant Sabbadini's exhibit at the Triennale Museum. *See* **Exhibit 9**.

84. Finally able to compare the Participant Picture to the Fake Polaroid, Plaintiff confirmed the suspicion that Defendant Sabbadini had copied her Work. Copies of the Work, the Participant Picture and the Fake Polaroid are set out below for illustrative purposes, and included as **Exhibits 4, 9 and 16.**

  

**Plaintiff's Cease and Desist**

85. Plaintiff Carrillo's "*Love Will Rise Above All*" Work is a unique artistic expression in that it is original and therefore protected by copyright from the time of its creation in a fixed and tangible form.

86. On November 7, 2022, Plaintiff applied for copyright registration from the United States Copyright Office for the "*Love Will Rise Above All*" Work. A true and correct copy of Plaintiff Copyright Certification is attached hereto as **Exhibit 20**.

87. Also on November 7, 2022, Plaintiff Carrillo, through undersigned counsel, notified Defendant Sabbadini in writing that the "*Love Will Rise Above All*" work was used without permission and in violation of Plaintiff's copyright.

88. Plaintiff Carrillo further demanded that Defendant Sabbadini immediately cease and desist all infringing use of the Work and refrain from engaging in any further violations of Plaintiff's Copyright.

89. On November 7, 2022, Plaintiff Carrillo, through undersigned counsel, notified Defendant ZV NY and ZV France, separately and in writing, that the "*Love Will Rise Above All*" Work was used without Plaintiff's permission and further, that their continued use of Defendant Sabbadini's copy was in violation of Plaintiff's copyright in the Work.

90. Plaintiff's letter further demanded that the ZV Defendants immediately cease and desist from any and all infringing use of the Work and refrain from engaging in any further violations of Plaintiff's copyright.

91. In November of 2022, Plaintiff obtained confirmation that the cease and desist letters sent to Defendant Sabbadini and the ZV Defendants were received and acknowledged.

92. On December 4, 2022, the United States Copyright Office granted Plaintiff Carrillo's application and recorded the artwork under Registration Number VA-2-331-135 (the "Copyright"). *See* **Exhibit 20.**

93. Plaintiff repeatedly tried to engage Defendant Sabbadini and the ZV Defendants by inviting them to participate in informal and confidential discussions regarding their infringement, but Plaintiff's offers were ignored and/or rebuffed.

94. Defendant Sabbadini in particular has repeatedly avoided or delayed communicating with Plaintiff by claiming she was either busy traveling, just busy, or in the process of finding legal counsel with experience in intellectual property matters.

95. Defendant Sabbadini and the ZV Defendants exploited Plaintiff's willingness to discuss their infringement in private by repeatedly demonstrating interest only to avoid further communications for up to three months at a time.

96. To date, all of Plaintiff's offers to discuss the matter of the Copyright infringement with Defendant Sabbadini and the ZV Defendants have been unsuccessful and they have continued to ignore Plaintiff's request that they cease and desist from any further infringement of Plaintiff's Copyright.

97. As of June 26, 2023, Defendant Sabbadini continues to willfully, intentionally and in bad faith, violate Plaintiff's Copyright.

98. As of June 26, 2023, the ZV Defendants continue to willfully, intentionally and in bad faith infringe on Plaintiff's Copyright.

99. Defendant Sabbadini's infringement is ongoing and certainly involves additional acts of copyright infringement which Plaintiff has not yet uncovered.

100.    The ZV Defendants' infringing actions are ongoing and certainly involve additional acts of copyright infringement which Plaintiff has not yet uncovered.

101.    Upon information and belief, the Doe Defendants have infringed on Plaintiff's Copyright by distributing, displaying, or offering the Collaboration t-shirt printed with the Fake Polaroid for sale to consumers in the USA and abroad. *See* **Exhibit 13**.

102.    The Doe Defendants' infringing actions are ongoing and certainly involve additional acts of copyright infringement which Plaintiff has not yet uncovered.

103.    Plaintiff registered the Work pursuant to 17 US.C. § 411(a). *See* **Exhibit 20.**

104.     Plaintiff Carrillo is the sole author and exclusive rights holder of the original

creative work of art "*Love Will Rise Above All*", recorded under Registration Number VA-

2-331-135.

105.     Plaintiff Carrillo is the sole owner of all rights, title, and interest in the copyrighted

Work, and at all relevant times held exclusive rights to reproduce, distribute, display, and

make derivative works of the copyrighted Work that is the subject of Copyright No VA-2-

331-135.

106.     As a direct result of the Defendants' conduct, Plaintiff Carrillo has suffered and

continues to suffer monetary and non-monetary damages, which can only be adequately

redressed through injunctive relief.

107.     All conditions precedent to this action have been performed or have been waived.

## COUNT I - CLAIM FOR RELIEF AGAINST DEFENDANT SABBADINI FOR COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 101 *et seq.*)

108.     Plaintiff Carrillo repeats and re-alleges each and every allegation set forth above

and incorporates them herein by reference.

109.     Plaintiff's copyrighted Work is an original work of art and Plaintiff has a valid

copyright registration from the United States Copyright Office with an effective date of

December 4, 2022.

110.     Plaintiff Carrillo has at no time consented, authorized, permitted, or allowed

Defendant Sabbadini to copy her Work.

111.     Defendant Sabbadini knowingly and intentionally copied, created derivative works

from, distributed, and displayed a copy of Plaintiff's "*Love Will Rise Above All*" Work

without Plaintiff's authorization in direct violation of the Copyright Act, 17 U.S.C. § 106.

112.     Defendant Sabbadini intentionally described the Fake Polaroid used in the Collaboration as a "candid" photograph in order to avoid liability under the Copyright Act.

113.     Defendant Sabbadini copied Plaintiff's Work for a commercial purpose.

114.     Defendant Sabbadini's Fake Polaroid image is neither original nor unique in that it is a copy of Plaintiff's "*Love Will Rise Above All*" Work.

115.     Defendant Sabbadini's infringement is particularly egregious in that she intentionally and willfully lied to cover-up her illegal act so she could dupe the public into believing she was advocating in support of women's rights.

116.     Defendant Sabbadini has obtained personal gains, profit and enjoyed many other advantages as a result of her wrongful and illegal actions.

117.     As of June 26, 2023, Defendant Sabbadini continues to take credit for, use and display the Fake Polaroid on her website despite knowing that Plaintiff Carrillo has a Copyright in the Work, which rises to intentional and willful infringement.

118.     Defendant Sabbadini has willfully ignored Plaintiff's multiple requests that she cease and desist from further infringing Plaintiff's Copyright.

119.     Defendant Sabbadini's past and ongoing infringement is willful, executed with full knowledge of Plaintiff's Copyright, and in conscious disregard of Plaintiff's exclusive rights in the "*Love Will Rise Above All*" Work

120.     Defendant Sabbadini's infringement is causing irreparable harm to Plaintiff Carrillo.

121.     As a direct result of Defendant Sabbadini's infringement, Plaintiff has sustained and will continue to sustain substantial injury, loss, and damage to her ownership rights in the copyrighted Work.

122.     Defendant Sabbadini's actions have caused Plaintiff Carrillo great financial harm by depriving her of the right to receive compensation for the Work she created.

123.     Defendant Sabbadini has caused Plaintiff Carrillo to suffer damages by depriving her of the legal right to control how, when, and where, her artwork is displayed, licensed, and/or published.

124.     Defendant Sabbadini used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit the Work without Plaintiff Carrillo's consent or authority.

125.     Plaintiff Carrillo seeks injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

126.     Defendant Sabbadini must be enjoined from continuing the infringement or it is highly probable that Defendant Sabbadini will cause further irreparable harm to Plaintiff Carrillo.

127.     Discovery is necessary to uncover the full nature and extent of Defendant Sabbadini's infringement of Plaintiff's copyright in the Work.

128.     Plaintiff is entitled to recover from Defendant Sabbadini the gains, profits, and advantages she has obtained as a result of the copyright infringement.

129.     As a result of the Defendant Sabbadini's past and continued violations of Title 17 of the United States Code, Plaintiff Carrillo is entitled to the remedies set forth at 17 U.S.C. §§ 502-503, any actual damages pursuant to 17 U.S.C. §504(b), and/or statutory damages in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c).

130.    As a result of Defendant Sabbadini's violations of Title 17 of the United States Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant Sabbadini.

### COUNT II - CLAIM FOR RELIEF AGAINST ZV NY FOR COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)

131.    Plaintiff Carrillo repeats and re-alleges each and every allegation set forth above and incorporates them herein by reference.

132.    Plaintiff's copyrighted Work is an original work of art and Plaintiff has a valid copyright registration from the United States Copyright Office with an effective date of December 4, 2022.

133.    Plaintiff Carrillo has at no time consented, authorized, permitted, or allowed Defendant ZV NY to copy her Work.

134.    Defendant ZV NY knowingly and intentionally copied, created derivative works from, distributed, and displayed a copy of Plaintiff's "*Love Will Rise Above All*" Work without Plaintiff's authorization in direct violation of the Copyright Act, 17 U.S.C. § 106.

135.    ZV NY either willfully ignored the overwhelming evidence that Defendant Sabbadini's images (including the Fake Polaroid) were not candid photographs, or it directed or assisted Defendant Sabbadini in infringing the Plaintiff's copyright in the "*Love Will Rise Above All*" Work.

136.    Defendant ZV NY copied Plaintiff's Work for a commercial purpose.

137.    Defendant ZV NY has obtained commercial gains, profit and enjoyed many other advantages as a result of its wrongful and illegal acts.

138.    In addition to benefiting from the free publicity and immense goodwill the press coverage of the Collaboration generated, Defendant ZV NY profited by selling

Collaboration t-shirts via the Zadig & Voltaire e-commerce website(s) and in Zadig & Voltaire brick-and-mortar retail stores (including its New York City stores).

139.     Defendant ZV NY knows that Plaintiff has a Copyright in the Work yet continues to use and display the Fake Polaroid on its website, which constitutes intentional and willful infringement.

140.     Defendant ZV NY has willfully ignored Plaintiff's multiple requests that it cease and desist from further infringing Plaintiff's Copyright.

141.     Defendant ZV NY's past and ongoing infringement is willful, executed with full knowledge of Plaintiff's Copyright, and in conscious disregard of Plaintiff's exclusive rights in the "*Love Will Rise Above All*" Work

142.     Defendant ZV NY's infringement is causing irreparable harm to Plaintiff Carrillo.

143.     As a direct result of Defendant ZV NY's infringement, Plaintiff has sustained and will continue to sustain substantial injury, loss, and damage to her ownership rights in the copyrighted Work.

144.     Defendant ZV NY's actions have caused Plaintiff Carrillo great financial harm by depriving her of the right to receive compensation for the Work she created.

145.     Defendant ZV NY has caused Plaintiff Carrillo to suffer damages by depriving her of the legal right to control how, when, and where, her artwork is displayed, licensed, and/or published.

146.     Defendant ZV NY used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit the Work without Plaintiff Carrillo's consent or authority.

147.     Plaintiff Carrillo seeks injunctive relief against Defendant ZV NY to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

148.     Defendant ZV NY must be enjoined from continuing the infringement or it is highly probable that Defendant ZV NY will cause further irreparable harm to Plaintiff Carrillo.

149.     Discovery is necessary to uncover the full nature and extent of Defendant ZV NY's infringement of Plaintiff's copyright in the Work.

150.     Plaintiff is entitled to recover from Defendant ZV NY the gains, profits, and advantages it has obtained as a result of the Copyright infringement.

151.     As a result of the Defendant ZV NY's past and continued violations of Title 17 of the United States Code, Plaintiff Carrillo is entitled to the remedies set forth at 17 U.S.C. §§ 502-503, any actual damages pursuant to 17 U.S.C. §504(b), and/or statutory damages in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c).

152.     As a result of Defendant ZV NY's violations of Title 17 of the United States Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from ZV NY.

### COUNT III - CLAIM FOR RELIEF AGAINST ZV FRANCE FOR COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)

153.     Plaintiff Carrillo repeats and re-alleges each and every allegation set forth above and incorporates them herein by reference.

154.     Plaintiff's copyrighted Work is an original work of art and Plaintiff has a valid copyright registration from the United States Copyright Office with an effective date of December 4, 2022.

155.     Plaintiff Carrillo has at no time consented, authorized, permitted, or allowed Defendant ZV France to copy her Work.

156.     Defendant ZV France knowingly and intentionally copied, created derivative works from, distributed, and displayed a copy of Plaintiff's "*Love Will Rise Above All*" Work without Plaintiff's authorization in direct violation of the Copyright Act, 17 U.S.C. § 106.

157.     Cecilia Bonstrom, Zadig & Voltaire's Artistic Director, acting in her capacity as an officer of ZV France, either willfully ignored the overwhelming evidence that the Fake Polaroid was not a candid photograph, or she directed or assisted Defendant Sabbadini to infringe the Plaintiff's Copyright in the "*Love Will Rise Above All*" Work.

158.     ZV France intentionally misrepresented the source of the Fake Polaroid and instead repeated the claim that the images in the Collaboration were candid photographs in order to avoid liability under the Copyright Act.

159.     Defendant ZV France copied Plaintiff's Work for a commercial purpose.

160.     Defendant ZV France has obtained commercial gains, profit and enjoyed many other advantages as a result of its wrongful and illegal acts.

161.     In addition to benefiting from the free publicity and immense goodwill the press coverage of the Collaboration generated, Defendant ZV France profited by selling Collaboration t-shirts via the Zadig & Voltaire e-commerce website(s) and in Zadig & Voltaire brick-and-mortar retail stores (including the brands' New York City stores).

162.     Defendant ZV France knows that Plaintiff has a Copyright in the Work, yet continues to use and display the Fake Polaroid on its website, which constitutes intentional and willful infringement.

163.     Defendant ZV France has willfully ignored Plaintiff's multiple requests that it cease and desist from further infringing Plaintiff's Copyright.

164.     Defendant ZV France's past and ongoing infringement is willful, executed with full knowledge of Plaintiff's Copyright, and in conscious disregard of Plaintiff's exclusive rights in the "*Love Will Rise Above All*" Work.

165.     Defendant ZV France's infringement is causing irreparable harm to Plaintiff Carrillo.

166.     As a direct result of Defendant ZV France's infringement, Plaintiff has sustained and will continue to sustain substantial injury, loss, and damage to her ownership rights in the copyrighted Work.

167.     Defendant ZV France's actions have caused Plaintiff Carrillo great financial harm by depriving her of the right to receive compensation for the Work she created.

168.     Defendant ZV France has caused Plaintiff Carrillo to suffer damages by depriving her of the legal right to control how, when, and where, her artwork is displayed, licensed, and/or published.

169.     Defendant ZV France used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit the Work without Plaintiff Carrillo's consent or authority.

170.     Defendant ZV France's intentionally and willfully infringement is particularly egregious in that the infringing image was used to dupe the public into believing that Zadig & Voltaire is a brand that supports social equality causes.

171.     Plaintiff Carrillo seeks injunctive relief against Defendant ZV France to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

172.      Defendant ZV France must be enjoined from continuing the infringement or it is

highly probable that Defendant ZV France will cause further irreparable harm to Plaintiff

Carrillo.

173.      Discovery is necessary to uncover the full nature and extent of Defendant ZV

France's infringement of Plaintiff's copyright in the Work.

174.      Plaintiff is entitled to recover from Defendant ZV France the gains, profits, and

advantages it has obtained as a result of the copyright infringement.

175.      As a result of the Defendant ZV France's past and continued violations of Title 17

of the United States Code, Plaintiff Carrillo is entitled to the remedies set forth at 17 U.S.C.

§§ 502-503, any actual damages pursuant to 17 U.S.C. §504(b), and/or statutory damages

in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c).

176.      As a result of Defendant ZV France's violations of Title 17 of the United States

Code, the court in its discretion may allow the recovery of full costs as well as reasonable

attorney's fees and costs pursuant to 17 U.S.C § 505 from ZV France.

**COUNT IV - RELIEF AGAINST THE DOE DEFENDANTS FOR
COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)**

177.      Plaintiff Carrillo repeats and re-alleges each and every allegation set forth above

and incorporates them herein by reference.

178.      Plaintiff's copyrighted Work is an original work of art and Plaintiff has a valid

copyright registration from the United States Copyright Office with an effective date of

December 4, 2022.

179.      Plaintiff Carrillo has at no time consented, authorized, permitted, or allowed the

Doe Defendant to copy her Work.

180.     The Doe Defendants are believed to have created derivative works from, distributed, and displayed a copy of Plaintiff's "*Love Will Rise Above All*" Work in violation of the Copyright Act, 17 U.S.C. § 106.

181.     The Doe Defendants infringed on Plaintiff's Copyright by offering the Collaboration t-shirt printed with the Fake Polaroid for sale to consumers in the USA and abroad.

182.     The Doe Defendants copied Plaintiff's Work for a commercial purpose.

183.     The Doe Defendants have obtained commercial gains, profit and enjoyed many other advantages as a result of their wrongful and illegal acts.

184.     As a direct result of the Doe Defendants' infringement, Plaintiff has sustained and will continue to sustain substantial injury, loss, and damage to her ownership rights in the copyrighted Work.

185.     The Doe Defendants actions have caused Plaintiff Carrillo great financial harm by depriving her of the right to receive compensation for the Work she created.

186.     The Doe Defendants have caused Plaintiff Carrillo to suffer damages by depriving her of the legal right to control how, when, and where, her artwork is displayed, licensed, and/or published.

187.     The Doe Defendants used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit the Work without Plaintiff Carrillo's consent or authority.

188.     Discovery is necessary to uncover the full nature and extent of the Doe Defendants' infringement of Plaintiff's copyright in the Work.

189.     Plaintiff Carrillo will seek injunctive relief against the Doe Defendants when their identities are ascertained in the course of discovery.

190.     Plaintiff is entitled to recover from the Doe Defendants the gains, profits, and advantages they have obtained as a result of the copyright infringement.

191.     As a result of the Doe Defendants past and continued violations of Title 17 of the United States Code, Plaintiff Carrillo is entitled to the remedies set forth at 17 U.S.C. §§ 502-503, any actual damages pursuant to 17 U.S.C. §504(b), and/or statutory damages in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c).

192.     As a result of the Doe Defendants' violations of Title 17 of the United States Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from the Doe Defendants.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Carrillo respectfully demands judgment against Defendants as follows:

A. That an injunction be issued enjoining and restraining Defendants and all persons acting in concert with Defendants from:

    a.  infringing Plaintiff Cristina Carrillo's copyrighted Work;

    b.  manufacturing, reproducing, distributing, creating derivative works, displaying, advertising, promoting, offering for sale and/or selling, any items in violation of Plaintiff's Copyright in the Work;

B. An Order directing Defendants Sabbadini, ZV NY, ZV France, and the Doe Defendants to destroy and certify to the Court such destruction or deliver to the Court for destruction or other reasonable disposition all items or materials, and means for

producing any such items or materials, in Defendant's possession or control which violates Plaintiff Carrillo's Copyright in the Work;

C.   That Defendants Sabbadini, ZV NY, ZV France, and the Doe Defendants be ordered to remove and/or take down all social media and internet content under their control which use the Work.

D.   That Defendants Sabbadini, ZV NY, ZV France, and the Doe Defendants be adjudged to have infringed Plaintiff's copyright in the Work in violation of 17 U.S.C. § 106 and 501;

E.   That Defendants Sabbadini, ZV NY, ZV France, and the Doe Defendants be adjudged to have committed copyright infringement willfully, intentionally, and purposefully, in disregard of and with reckless indifference to Plaintiff Carrillo's rights.

F.   Awarding Plaintiff Carrillo actual damages and Defendants' profits attributable to the infringement of Plaintiff's Copyrighted Work pursuant to 17 U.S.C. § 504(b), or in lieu of such damages and profits, awarding Plaintiff Carrillo statutory damages up to $150,000 for Defendants' infringement of the Copyrighted Work that is eligible for statutory damages under 17 U.S.C. § 504(c);

G.   Awarding Plaintiff Carrillo punitive damages, Defendants' profits and/or any actual damages sustained by Plaintiff Carrillo to be determined at trial, arising out of Defendants' acts of knowing and willful copyright violation;

H.   Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

I.   Awarding Plaintiff her costs in this civil action, including reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1117(a) and 17 U.S.C. § 505;

J.   Directing that Defendants file with the Court and serve upon Plaintiff's counsel within
     thirty (30) days after entry of judgment a report in writing under oath setting forth in
     detail the manner and form in which they have complied with the above; and

K.   Awarding Plaintiff Carrillo such other and further relief as the Court may deem just
     and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Carrillo hereby demands a trial by jury on all claims for which there is a right to
a jury trial.


Dated: July 1, 2023.

                                        **EmClara LLC**

                                        By: /s/ *Melissa A. Bright*
                                        Melissa A. Bright, Esq.
                                        VA Bar ID No. 80167
                                        6106 Harvard Ave., No. 596
                                        Glen Echo, MD 20812
                                        Tel. (240) 630-5500
                                        Fax (240) 301-7414
                                        melissa@emclara.co

                                        *Attorney for Plaintiff*