UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRISTINA CARRILLO<br><br>      Plaintiff,<br><br>  v.<br><br>MICOL SABBADINI, ZV NY, INC., ZV France S.A.S., and JOHN DOES 1-5<br><br>      Defendants. | Case No.1:23-CV-05692 (VSB) |

**MEMORANDUM OF LAW BY DEFENDANT ZV NY, INC.
IN SUPPORT OF PARTIAL MOTION TO DISMISS**

Defendant ZV NY, Inc. ("ZV NY"), through its counsel, respectfully submit this Memorandum of Law in Support of its Partial Motion to Dismiss. By this motion, ZV NY, Inc. is moving this Court to dismiss Plaintiff's claims for statutory damages pursuant to 17 U.S.C. § 504(c), attorney's fees pursuant to 17 U.S.C. § 505, and any damages and profits pursuant to 17 U.S.C. § 504(b) related to alleged infringements that occurred more than three years before the Complaint was filed on July 1, 2023.

## PRELIMINARY STATEMENT AND STATEMENT OF FACTS

Plaintiff Cristina Carrillo ("Plaintiff") has brought a claim against ZV NY alleging copyright infringement. *See* Compl. ¶¶ 131-58. In sum, the claim against ZV NY is that, beginning at least as early as February 2018, ZV NY manufactured, distributed, and sold t-shirts featuring a photo on the front that depicted a poster that Plaintiff created and displayed at the Women's March in January 2017. *Id.* ¶¶ 27, 28, 47, 55, 134. The poster created by Plaintiff is the allegedly copyrighted work that forms the basis of this action, and it was partially registered effective December 4, 2022. *Id.* ¶¶ 103, 104, 132.[1] Plaintiff brought this action by filing a Complaint on July 1, 2023.

The facts as pleaded by Plaintiff therefore demonstrate that the alleged infringement commenced *after* first publication of Plaintiff's work and *before* the effective date of its registration. As discussed below, pursuant to 17 U.S.C. § 412, no award of statutory damages or attorney's fees is therefore available to Plaintiff in this action. As also discussed below, the law in this Circuit is clear that Plaintiff is not entitled to any monetary award pursuant to 17 U.S.C. § 504(b) related to alleged infringements that occurred *prior to* July 1, 2020, which represents three years before the Complaint was filed.

---

[1] The copyright registration covers the artwork on the poster, but not the short phrase or slogan that comprises the near entirety of the poster itself. *See* Compl., Ex. 20.

1

**ARGUMENT**

I.  **PLAINTIFF IS NOT ENTITLED TO STATUTORY DAMAGES OR ATTORNEY'S FEES BECAUSE THE ALLEGED INFRINGEMENT COMMENCED PRIOR TO REGISTRATION**

Courts in this Circuit often dismiss claims for statutory damages and/or attorney's fees at the Rule 12(b)(6) stage pursuant to 17 U.S.C. § 412 if, before the alleged infringement commenced, a work is neither (1) registered, nor (2) published before the infringement. *See, e.g.*, *Fioranelli v. CBS Broadcasting Inc.*, 232 F. Supp. 3d 531, 543 (S.D.N.Y. 2017) (Broderick, J.) (dismissing claim for statutory damages and attorney's fees where the complaint demonstrated that the alleged infringement began before the effective date of the registration); *Crowley v. Jones*, 608 F. Supp. 3d 78, 90 (S.D.N.Y. 2022) (same); *Shihab v. Complex Media, Inc.*, No. 21-CV-6425, 2022 WL 3544149, at *7 (S.D.N.Y. Aug. 17, 2022) (dismissing claim for statutory damages and attorney's fees even though plaintiff argued that it might find subsequent infringements); *Solid Oak Sketches, LLC v. 2K Games, Inc.*, No. 16-CV-724, 2016 WL 4126543, at *4 (S.D.N.Y. Aug. 2, 2016) (finding that because plaintiff alleged that the infringement began before the registration, "Plaintiff is not entitled to recover either statutory damages or attorneys' fees [and] Defendants' motion to dismiss Plaintiff's claims for statutory damages and attorneys' fees is therefore granted"); *Argentto Sys., Inc. v. Subin Assocs., LLP*, No. 10-CV-8174, 2011 WL 2534896, at *3 (S.D.N.Y. June 24, 2011) ("Because the alleged infringement began before the effective date of the copyright registration of the software at issue, the motion to dismiss Plaintiffs' claims for statutory damages and attorney fees is granted."); *C.A. Inc. v. Rocket Software, Inc.*, 579 F. Supp. 2d 355, 364 (E.D.N.Y. 2008) (noting in precluding statutory damages and attorney's fees at the Rule 12(b)(6) stage that "[w]here, as here, the infringement is alleged to have commenced prior to registration . . . statutory damages and attorneys' fees are unavailable."); *Ez-Tixz v. Hit-Tix, Inc.*, 919 F. Supp. 728, 736 (S.D.N.Y. 1996) (dismissing

plaintiff's claims for statutory damages and attorney's fees because "[t]he plaintiff's own complaint alleges that the infringement began [before the alleged registration date]").

Section 504(a) of the Copyright Act provides that a copyright infringer is liable for either the copyright owner's actual damages or statutory damages. 17 U.S.C. § 504(a). Section 505 provides that a court may award reasonable attorney's fees to the prevailing party in a copyright action. 17 U.S.C. § 505.  However, "17 U.S.C. § 412 precludes an award of attorney's fees for any act of infringement commenced prior to the effective date of registration of the asserted copyright." *Knitwaves, Inc. v. Lollytogs Ltd. (Inc.)*, 71 F.3d 996, 1012 (2d Cir. 1995); 17 U.S.C. § 412 ("no award of statutory damages or attorney's fees, as provided by sections 504 and 505, shall be made for – (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration.").  "Even '[w]here the alleged infringement begins before registration and continues after registration, statutory damages and attorney fees are still unavailable.'" *Solid Oak Sketches, LLC*, 2016 WL 4126543, at *2 (quoting *Argentto Sys., Inc.*, 2011 WL 2534896, at *2).

As explained by Judge Swain:

> Courts in this district have held that Section 412 of the Copyright Act imposes a bright-line rule that precludes recovery of statutory damages and attorneys' fees where the first act of infringement in a series of ongoing infringements occurred prior to the work's copyright registration, finding such a bright-line rule preferable to case-by-case analyses of whether a series of infringements has stopped sufficiently such that the restart constitutes a new set of infringements.

*Id.* (quotation marks omitted); *accord Craig v. UMG Recordings, Inc.*, 380 F. Supp. 3d 324, 336 (S.D.N.Y. 2019) (collecting cases); *Shady Recs., Inc. v. Source Enterprises, Inc.*, 2005 WL 14920, at *20-22 (S.D.N.Y. Jan. 3, 2005).

Plaintiff pleads in the Complaint that the effective date of the copyright registration that is the basis for this case is December 4, 2022 and any alleged infringement by ZV NY was commenced prior to that date. *See* Compl. ¶¶ 47, 49, 50, 55, 60, 92.  Indeed, Plaintiff even alleges that she sent a notification to ZV NY accusing it of infringement on November 7, 2022 – nearly a month before Plaintiff's registration was issued. *Id.* ¶¶ 89, 90.  By the pleading of the Complaint itself, Plaintiff has therefore demonstrated that she is not entitled to statutory damages or attorney's fees in this action and those claims should be dismissed.

## II. PLAINTIFF IS NOT ENTITLED TO DAMAGES AND/OR PROFITS FOR ALLEGED INFRINGMENTS THAT OCCURRED PRIOR TO JULY 1, 2020

ZV NY seeks a ruling that an award of damages and/or profits are limited to the three years preceding the filing of the Complaint on July 1, 2023 pursuant to the applicable statute of limitations.  As with the motion to dismiss statutory damages above, motions to limit damages may be considered at the motion to dismiss stage.  *See, e.g.*, *Hayden v. Koons*, No. 21-CV-10249 (LGS), at *6 (S.D.N.Y. July 18, 2022) (granting motion for a ruling limiting damages to the three-year period prior to the commencement of the action).

As the Supreme Court stated in 2014, "a successful plaintiff can gain retrospective relief only three years back from the time of suit" in a federal copyright action. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 677 (2014).  In *Sohm v. Scholastic Inc.*, 959 F.3d 39, 51 (2d Cir. 2020), the Second Circuit confirmed that the Copyright Act limits a plaintiff to monetary awards for the period three years before the complaint was filed.  The *Sohm* Court specifically held that no recovery may be had for infringement in "earlier years" more than three years back from the date that the complaint was filed.  *Id*. at 52.  The Court concluded that "a three-year look back period" must be applied "from the time a suit is filed to determine the extent of the relief available." *Id.*

Under the clear precedent applicable in this Circuit, Plaintiff's monetary relief is therefore limited to any alleged infringement that Plaintiff can prove occurred on or after July 1, 2020.  ZV NY respectfully requests the Court issue a ruling to that effect.

## CONCLUSION

For the reasons set forth above, the ZV NY respectfully requests that this Court grant ZV NY's motion to dismiss Plaintiff's claims for statutory damages pursuant to 17 U.S.C. § 504(c), attorney's fees pursuant to 17 U.S.C. § 505, and any damages and profits pursuant to 17 U.S.C. § 504(b) related to alleged infringements that occurred more than three years before the Complaint was filed on July 1, 2023.

                Respectfully submitted,

Dated:  August 15, 2023        **HAND BALDACHIN & ASSOCIATES LLP**

        By:  */s/ Marc S. Reiner*
              Marc S. Reiner (mreiner@hballp.com)
              Adam B. Michaels (amichaels@hballp.com)
              1740 Broadway, 15th Floor
              New York, New York 10018
              Tel:  (212) 956-9500

              *Attorneys for Defendant*
              *ZV NY, Inc.*