UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRISTINA CARRILLO<br><br>　　　　　　Plaintiff,<br><br>　- vs -<br><br>MICOL SABBADINI, ZV NY, INC., ZV France, S.A.S., and JOHN DOES 1-10<br><br><br><br><br>　　　　　　Defendants. | Case No.  23-cv-05692-VSB<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANTS PARTIAL MOTION TO DISMISS |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
**DEFENDANT ZV NY, INC.'S PARTIAL MOTION TO DISMISS**

　　Plaintiff respectfully submits this Memorandum in Opposition to Defendant ZV NY, Inc.'s Partial Motion to Dismiss.

**PRELIMINARY STATEMENT**

　　Plaintiff Cristina Carrillo brings this copyright infringement action against Defendant Micol Sabbadini, ZV NY, Inc., a/k/a "Zadig & Voltaire", ZV France, S.A.S., and John Does 1-10 (collectively the "Defendants") over the infringement of Plaintiff Carrillo's copyright in the work titled "*Love Will Rise Above All.*"  Defendant ZV NY filed a Partial Motion to Dismiss ("Motion") certain claims in Plaintiff Carrillo's Complaint ("Complaint") filed on July 1, 2023.  In opposition to the same, Plaintiff respectfully submits Defendant ZV NY's Motion should be denied because

it misstates the applicable law and misrepresents the factual allegations set out in Plaintiff's Complaint.

## FACTUAL BACKGROUND

Plaintiff Cristina Carrillo ("Plaintiff") is a New York City based artist who created the work titled "*Love Will Rise Above All*" (the "Work") ahead of her participation in the January 21, 2017 New York City Women's March.  ECF No. 1 Complaint ¶ 28. Defendant Micol Sabbadini ("Sabbadini"), a professional fashion photographer, also attended the 2017 Women's March on assignment for W Magazine and photographed Women's March participants. *Id*. ¶ 37, Compl. Exh 7. Defendant Sabbadini's photography work has been featured in international fashion magazines such as Vogue, Elle, and Marie Claire, and she has partnered on numerous occasions with luxury fashion brands such as Louis Vuitton, Max Mara, Armani, Tod's, and Zadig & Voltaire, among others. *Id*. ¶ 38, 43, Compl. Exh. 8. Defendant ZV NY, Inc., a/k/a "Zadig & Voltaire" ("ZV NY") is alleged in the Complaint to be a wholly owned subsidiary of ZV France, S.A.S. ("ZV France") (together with ZV NY, the "ZV Defendants"), is an international luxury retailer of rock-inspired apparel. *Id*. ¶ 11.  ZV France has over 350 brick-and-mortar retail stores worldwide, including no less than 10 stores in the state of New York. *Id*. ¶ 17, Compl. Exh. 2.

Sometime between January of 2017 and February of 2018, Defendants ZV NY and Defendant Sabbadini launched a capsule collection consisting of three white cotton t-shirts printed with images purportedly taken by Defendant Sabbadini at the 2017 New York City's Women's March. *Id*. ¶ 43-48, Compl. Exh. 12.  The launch of the "*Zadig & Voltaire X Micol Sabbadini*" Collaboration (the "Collaboration") was announced on February 12, 2018 at the fashion brand's NYC Fashion Week - Spring 2018 runway show. *Id*. ¶ 44, Compl. Exh. 11.  The Collaboration's stated goal was to raise awareness for what Defendant Sabbadini referred to as the "deep-seated disparity between the sexes" and to highlight other social and political causes.  *Id.* ¶ 51, Compl. Exh. 11.  Each individual Collaboration t-shirt was sold at a retail price of $118.00 USD and the t-shirts were offered for purchase to customers in North America, Europe, and Asia. *Id*. ¶¶ 55, 67,

Compl. Exh. 1. Defendant Sabbadini and the ZV Defendants publicly pledged all profits from the Collaboration would be donated to Every Mother Counts, Christy Turlington's charity. *Id*. ¶ 63, Compl. Exh. 10. The t-shirt most prominently featured in the advertising and promotional campaigns for the Collaboration was printed with an infringing copy of Plaintiff Carrillo's "*Love Will Rise Above All*" Work. *Id.* ¶ 54, Exh. 15. The picture printed on the t-shirt consist of a copy of Plaintiff's Work superimposed on an anonymous Women's March participants poster and hands and is made to look like a Polaroid. *Id.* ¶ 57.

While promoting and marketing the Collaboration, the ZV Defendants and Defendant Sabbadini repeatedly hid the true origin and nature of the pictures printed on the Collaboration t-shirts when they described the images as "candid" Polaroids taken by Defendant Sabaddini during the 2017 Women's March. *Id.* ¶ 58. The ZV Defendants and Defendant Sabbadini knew the image printed on the Collaboration t-shirt featuring the Work was an infringing copy used without Plaintiff's permission. *Id.* ¶ 60.

By true happenstance, Plaintiff Carrillo learned her Work was copied by Defendants when she came across a civil rights documentary featuring a descendant of Frederick Douglas wearing one of the Collaboration t-shirts printed with the copy of her Work. *Id*. ¶¶ 70-72, Compl. Exh. 18. Due to Defendants consistent and widespread public misrepresentations that the images featured on the Collaboration t-shirts were candid Polaroids, Plaintiff Carrillo did not apply for registration of the Work until November 7, 2022. *Id.* ¶ 86, Compl. Exh. 20.

Even after receiving a cease and desist letter from Plaintiff Carrillo in November of 2022, Defendant ZV NY continued to infringe on Plaintiff's copyright by selling Collaboration t-shirts via the Zadig & Voltaire e-commerce website(s), in Zadig & Voltaire brick-and-mortar retail stores (including its New York City stores), and either directly or via contractual agreements with the John Doe(s) 1-10 ("Doe Defendants"), offered the Collaboration t-shirt printed with a copy of Plaintiff's work for purchase in the United States and abroad. *Id*. ¶¶ 12, 55, 181, Compl. Exh. 13.

**ARGUMENT**

I.         **APPLICABLE STANDARD OF REVIEW**

A party may move to dismiss a Plaintiff's claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court must construe "the complaint liberally, accepting all factual allegations as true, and drawing all reasonable inferences in the plaintiff's favor." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) (internal citations omitted). When evaluating the merit of a motion to dismiss, the court may "refer to documents attached to the complaint as exhibits or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff's possession or of which plaintiffs had knowledge and relied on in bringing suit." *See Fishbein v. Miranda*, 670 F. Supp. 2d 264, 271 (S.D.N.Y. 2009) (quoting *Brass v. Am. Film Techs., Inc.*, 987 F. 2d 142, 150 (2d Cir. 1993)). When a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the motion to dismiss should be denied. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965 (2007).

The Second Circuit has held that when evaluating a 12(b)(6) motion, the "plaintiff is entitled to all reasonable inferences from the facts alleged," both in support of the plaintiff's claims and the asserted defenses. *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004). When evaluating a claim's facial plausibility, the burden rests with the defendant as the moving party, and the Court "must accept as true all of the factual allegations set out in the plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Roth v. Jennings,* 489 F.3d 499, 510 (2d Cir. 2007). Under Rule 8(a), a complaint is sufficient if it includes a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard is met so long as the pleadings contain sufficient factual matter that, if accepted as true, states a claim that is plausible on its face. Thus, the standard

for resolving ZV NY's partial motion to dismiss is "facial plausibility." *Ashcroft,* 556 U.S. at 678.

## II.     PLAINTIFF CARRILLO'S CLAIMS SATISFY THE PLEADING REQUIREMENTS OF RULE 8

### A. Plaintiff has Stated a Claim for Copyright Infringement.

Plaintiff Carrillo has properly pleaded her copyright infringement claims and remedies against Defendant ZV NY. In order to satisfy the Rule 8(a) pleading requirement a claim for copyright infringement must allege "(i) which specific original works are the subject of the copyright claim, (ii) that plaintiff owns the copyrights in those works, (iii) that the copyrights have been registered in accordance with the statute, and (iv) by what acts during what time the defendant infringed the copyright." *Lefkowitz v. McGraw-Hill Global Educ. Holdings, LLC,* 2014 WL 2481904 at *5 (internal citations omitted); *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 35 (S.D.N.Y. 1992). Plaintiff Carrillo's Complaint identifies the original Work as the subject of the copyright claim (Compl.¶¶ 28-36); alleges in detail that she owns the copyright (*Id.*); states and submits evidence of registering the Work in accordance with the statute (*Id.* ¶ 86); and alleges in detail the acts and time of Defendant ZV NY's infringement (*Id.* ¶¶ 43-55, 57, 60, 63-66, 95, 98, 100). Contrary to Defendant ZV NY's Motion, Plaintiff Carrillo is not required to prove her entire case in her complaint, rather, she must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At this stage of the litigation and drawing all reasonable inferences in favor of Plaintiff Carrillo, the claims asserted against Defendant ZV NY are more than facially plausible. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. GRP., PLC*, 709 F.3d 109, 119-20 (2d Cir. 2013). Defendant ZV NY's Motion should be denied because Plaintiff Carrillo has met the Fed. R. Civ. Pro. 8(a) pleading standard.

**B. Plaintiff Carrillo's Claim for Statutory Damages and Attorney's Fees is not barred by the Copyright Act.**

Even though Plaintiff's Complaint more than satisfies the requisite pleading standards, Defendant ZV NY's argues Plaintiff's claim for statutory damages and attorney's fees under Sections 504 and 505 should be dismissed under Section 412 of the Copyright Act because "any alleged infringement by ZV NY was commenced prior to" the effective date of copyright registration. All of the cases upon which Defendant ZV NY relies on in support of this argument can be easily distinguished from Plaintiff Carrillo's claims.

*Fioranelli v. CBS Broadcasting*, can be distinguished in that the court clearly stated it did not reach the question of whether Section 412 preempts a claim for statutory damages under Sections 504 and 505 of the Copyright Act because the question was conceded to by the Plaintiff. *See, Fioranelli v. CBS Broadcasting, Inc., 232* F. Supp. 3d 531, 543 (S.D.N.Y. 2017). Similarly, in *Crowley v. Jones*, the court dismissed the Section 504 and 505 claims only after finding the defendant's infringement was a single continuous act beginning before registration, and therefore, barred by Section 412. It is notable that Defendant ZV NY proffers no evidence that their infringement was continuous, but even if it had, the Court must accept as true all of the factual allegations set out in Plaintiff Carrillo's Complaint - and for this reason too the Motion should be denied.

Defendant ZV NY also cites to *Shihab v. Complex Media, Inc.,* where the claim for statutory damages and attorney's fees was dismissed after a finding that the amended complaint did not contain "any factual allegations of post-registration infringement that would entitle [Plaintiff] to statutory damages, attorney's fees or costs under sections 504 and 505." *See, Shihab v. Complex Media, Inc.*, No. 21-CV-6425, 2022 WL 3544149, at *7 (S.D.N.Y. Aug. 17, 2022). To the extent Defendant ZV NY's Motion argues that dismissal of Plaintiff Carrillo's claims under Section 404 and 405 of the Copyright Act is necessary or proper because Plaintiff fails to plead any acts of infringement by ZV NY after the date of copyright registration – the argument should

be rejected as demonstrably untrue. This argument would be notable as willful blindness on Defendant ZV NY's part.

The Complaint alleges that Defendant ZV NY infringed on Plaintiff's copyright both after she registered the Work with the Copyright Office and after the receipt of Plaintiff's cease and desist. *Compl.* ¶¶ 43-55, 57, 60, 63-66, 95, 98, 100, 131-152. In fact, Exhibit 13 to Plaintiff's Complaint is a screen-shot of an e-commerce page where Defendant ZV NY's offers Collaboration t-shirts for purchase to the public – the screen-shot was captured in June of 2023, a half-year after Plaintiff registered her copyright. Compl. Exh. 13. Finally, in so far as Section 412 of the Copyright Act precludes what damages are available to a claimant, the preclusion is a consequence, and not as the Motion argues, an automatic bar. For all these reasons, Defendant ZV NY's Motion should be denied.

### III. DEFENDANT ZV NY'S REQUEST FOR AN ORDER LIMITING DAMAGES SHOULD BE DENIED

Finally, rather than taking responsibility for its actions, Defendant ZV NY moves the Court for an order limiting Plaintiff Carrillo's recovery to the three years prior to the action being filed. Plaintiff does not challenge the legal precedent cited stating that, in the Second Circuit, a successful copyright plaintiff's retrospective relief is limited to three years back from the time suit is filed. Nevertheless, Plaintiff respectfully requests the Court deny Defendant ZV NY's motion to limit damages as premature and because such an order would be prejudicial to the Plaintiff.

Given Plaintiff's allegations that Defendant ZV NY intentionally concealed the origin of the infringing copy of her Work and then ignored Plaintiff's cease and desist for months before this action was filed, there is a high likelihood that a Court ruling limiting Plaintiff's damages to the three years before the filing of the Complaint will be used by Defendant to justify limiting Plaintiff Carrillo's scope of discovery. Such a limit would be particularly prejudicial in this case because Defendant ZV NY is the only party who possesses information regarding the nature and

extent of the infringement on the part of all Defendants, and the only party who has the information necessary to inform Plaintiff's claim for damages. For these reasons, Plaintiff respectfully requests that Defendant ZV NY's motion for an order limiting damages be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff Carrillo respectfully requests that Defendant ZV NY's Partial Motion to Dismiss be denied in its entirety. If, however, the Court is inclined to grant any part of the Motion, given that the same largely turns on Plaintiff Carrillo's allegations, Plaintiff respectfully requests that it be granted leave to file an amended complaint.

Dated: September 5, 2023.

Respectfully submitted,

**EmClara, LLC**

_____/s/_Melissa Bright___
Melissa A. Bright (admitted *pro hac vice*)
EmClara, LLC
6106 Harvard Ave., No. 596
Glen Echo, MD 20812
Tel. (240) 630-5500
Fax (240) 301-7414
melissa@emclara.co