**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CRISTINA CARRILLO

                    Plaintiff,

    v.

MICOL SABBADINI, ZV NY, INC., ZV
France S.A.S., and JOHN DOES 1-5

                  Defendants.

Case No.1:23-CV-05692 (VSB)

**REPLY MEMORANDUM OF LAW BY DEFENDANT ZV NY, INC.**
**IN FURTHER SUPPORT OF PARTIAL MOTION TO DISMISS**

Defendant ZV NY, Inc. ("ZV NY"), through its counsel, respectfully submits this Reply Memorandum of Law in Further Support of its Partial Motion to Dismiss.  By this motion, ZV NY is moving this Court to dismiss Plaintiff's claims for statutory damages pursuant to 17 U.S.C. § 504(c), attorney's fees pursuant to 17 U.S.C. § 505, and any damages and profits pursuant to 17 U.S.C. § 504(b) related to alleged infringements that occurred more than three years before the Complaint was filed on July 1, 2023.

## ARGUMENT

### I.   PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION SHOULD BE DISREGARDED AS UNTIMELY

ZV NY submitted the instant motion on August 15, 2023.  Plaintiff Cristina Carrillo ("Plaintiff") submitted her opposition to ZV NY's motion three weeks later on September 5, 2023, even though S.D.N.Y. Local Rule 6.1(b) required any response to be served within fourteen days after service of the moving papers.  Plaintiff did not seek leave to file a response past the deadline proscribed by Court rule and has not even acknowledged that her response was filed seven days late.  In these circumstances, the Court should disregard and not consider Plaintiff's untimely filing.  *See, e.g.*, *Bao Guo Zhang v. Shun Lee Palace Restaurant, Inc.*, No. 17-CV-00840 (VSB), 2021 WL 2414872, at *3 (S.D.N.Y. June 11, 2021) (Broderick, J.) (stating that parties' submitting a filing a day late without justification or acknowledgement "counsels against consideration of their late filing"); *Titus-Phillips v. British Airways PLC*, No. 20-CV-5100 (EK) (SJB), 2022 WL 1177306, at *4 (E.D.N.Y. Apr. 20, 2022) (disregarding arguments made in untimely papers filed six days late); *Interglobo Customs Broker, Inc. v. Herschel Imports, Inc.*, No. 14-CV-4995, 2015 WL 3756799, at *3-4 (S.D.N.Y. June 5, 2015) (rejecting as untimely defendant's opposition to plaintiff's summary judgment motion); *Distefano v. Law Offices of Barbara H. Katsos, P.C.*, No. 10-MC-0564, 2011 WL 2446318, at *2 (E.D.N.Y. June

15, 2011) (ignoring plaintiffs' opposition papers filed after the deadline set by Local Civil Rule 6.1(b) where "the late-filing party [was] represented by counsel, the delay [was] egregious, and counsel, in addition to not establishing excusable neglect, fail[ed] to provide *any* excuse or explanation for the delay") (emphasis in original).  Where, as here, the rules setting forth the applicable deadline are entirely clear, failing to file papers on time is not considered excusable neglect.  *See, e.g.*, *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366-67 (2d Cir. 2003); *Canfield v. Van Atta Buick/GMC Truck Inc.*, 127 F.3d 248, 250–51 (2d Cir. 1997) (holding not clearly erroneous the district court's decision that a lawyer's failure to file motion papers within the time limit established by a local rule was not excusable neglect).

Plaintiff's response was seven days past the fourteen-day period lapsed, is inexcusably late, and should be disregarded.  If the Court considers Plaintiff's response, however, ZV NY addresses the arguments made therein below.

## II.  PLAINTIFF'S CLAIM FOR STATUTORY DAMAGES AND ATTORNEY'S FEES IS BARRED BY THE COPYRIGHT ACT

Plaintiff's second argument in her response addresses ZV NY's motion to dismiss her claims for statutory damages and attorney's fees.[1]  As stated in ZV NY's moving papers, the plain terms of the relevant statute (17 U.S.C. § 412) and considerable case law applying that statute, including from this Court, make clear that when the alleged copyright infringement commences before registration, as is pleaded here, statutory damages or attorney's fees are not available. *See* Def. Br. at 2-4.  This clear and controlling law was summarized by a leading treatise of copyright law:

---

[1]   Plaintiff first argument asserts that her claim for copyright infringement against ZV NY satisfies the pleading requirements of Fed. R. Civ. P. 8.  *See* Pl. Br. at 4.  ZV NY did not move to dismiss that claim at this stage, however, even though ZV NY believes that the evidence will ultimately show that there has been no actionable infringement by ZV NY or any protectable copyright owned by Plaintiff.

> There are few difficult questions about how to apply Section 412. One argument may be swiftly disposed of: plaintiffs occasionally argue that section 412 applies to bar statutory awards only for infringements that occur prior to registration and not for infringements that occur after registration. This is an argument deserving of Rule 11 sanctions. Section 412 is clearly to the contrary: any infringement "commences" when the first act of infringement occurs. As the courts have recognized, the operative word in both sections 412(1) and (2) is "commenced"; statutory damages are barred if infringement *begins* before registration. It matters not whether infringement continues thereafter, or stops and starts again.

6 PATRY ON COPYRIGHT § 22:201 (emphasis in original).

Plaintiff does not dispute that, under the facts that she has pleaded in the Complaint, the alleged infringement was commenced before she sought copyright registration. She also does not cite a case or offer an interpretation of Section 412 that would allow statutory damages or attorney's fees under these circumstances. Instead, Plaintiff attempts to distinguish just *three of the ten cases* that ZV NY cited in support of dismissal. *See* Pl. Br. at 5; Def. Br. at 2-3.

Plaintiff first states that this Court "clearly stated" that it did not need to reach the issue of the availability of statutory damages and attorney's fees in *Fioranelli v. CBS Broadcasting, Inc.*, 232 F. Supp. 3d 531, 543 (S.D.N.Y. 2017). This assertion is false. Even though the plaintiff in that case conceded the point because the statute and case law are clear, there was a specific ruling that the plaintiff was not entitled to statutory damages or attorney's fees. *Id.*

Plaintiff next attempts to distinguish *Crowley v. Jones*, 608 F. Supp. 3d 78 (S.D.N.Y. 2022) because the alleged infringement in that case was continuous and "ZV NY proffers no evidence that their infringement was continuous." Pl. Br. at 5. This argument misses the mark because it is *Plaintiff's* pleading burden, not ZV NY's, to show that any post-registration alleged infringement is not continuous and is so different as to be a "new" and not a continuing act of infringement. 6 PATRY ON COPYRIGHT § 22:201. To the contrary, Plaintiff has pleaded that the

3

same alleged infringement began in February 2018 and allegedly continues to the present day.[2]
Compl., ¶ 55.

Finally, Plaintiff attempts to distinguish *Shihab v. Complex Media, Inc.*, No. 21-CV-
6425, 2022 WL 3544149, at *7 (S.D.N.Y. Aug. 17, 2022) by suggesting that factual allegations
of post-registration infringements would entitle the plaintiff to statutory damages.  *See* Pl. Br. at
5.  As discussed above, however, statutory damages would only be available if the alleged post-
registration infringement were "new" and that has not been pleaded by Plaintiff.

Plaintiff has failed to offer an alternative interpretation of Section 412 that differs from
that statute's plain meaning as it has been applied many times by the courts in this Circuit.  In
addition, Plaintiff's attempt to distinguish even a few of the many cases cited by ZV NY is
unavailing.  ZV NY respectfully requests that this Court dismiss Plaintiff's claim for statutory
damages and attorney's fees pursuant to this established precedent.

## III.   PLAINTIFF IS NOT ENTITLED TO DAMAGES AND/OR PROFITS FOR ALLEGED INFRINGMENTS THAT OCCURRED PRIOR TO JULY 1, 2020

ZV NY moves for an order dismissing Plaintiff's claim for any damages and profits
pursuant to 17 U.S.C. § 504(b) relating to alleged infringements that occurred before July 1,
2020.  Plaintiff does not challenge the controlling legal precedent in this Circuit that "a
successful copyright plaintiff's retrospective relief is limited to" that time frame after July 1,
2020.  Pl. Br. at 6.  But Plaintiff nonetheless requests that the Court deny ZV NY's motion
because Plaintiff speculates that ZV NY will attempt to use such an order to limit discovery.  *Id.*
ZV NY submits that the proper procedure to be followed if Plaintiff takes issue with one or more

---

[2]   Notwithstanding this blanket statement in the Complaint, there are no factual assertions that any allegedly
infringing goods were sold or offered for sale by ZV NY after the copyright registration was issued in November
2022, or indeed any time after 2018.  Plaintiff's only factual evidence in support of this assertion is a website
that depicts, but does not offer for sale, a shirt that does not feature the allegedly copyrighted work.  *See* Compl.,
Ex. 13; Pl. Br. at 6.  This proffered website is not evidence of any alleged infringement relevant to this case.

of ZV NY's actual, not potential, objections to discovery requests is to follow the procedures set forth in the Court's Individual Rules and Practices and other applicable rules.

ZV NY seeks a ruling on the availability of retrospective relief prior to July 1, 2020, as well as statutory damages and attorney's fees, so that the parties will have a clear understanding of the scope of monetary relief at stake in this case.  Speculative and unfounded concern about unfair discovery limitations should not interfere with a motion seeking to set forth the availability of monetary relief.

## **CONCLUSION**

For the reasons set forth above and previously in connection with this motion, ZV NY respectfully requests that this Court grant ZV NY's motion to dismiss Plaintiff's claims for statutory damages pursuant to 17 U.S.C. § 504(c), attorney's fees pursuant to 17 U.S.C. § 505, and any damages and profits pursuant to 17 U.S.C. § 504(b) related to alleged infringements that occurred more than three years before the Complaint was filed on July 1, 2023.

Respectfully submitted,

Dated:  September 12, 2023          **HAND BALDACHIN & ASSOCIATES LLP**

By:  */s/ Marc S. Reiner*
_____
Marc S. Reiner (mreiner@hballp.com)
Adam B. Michaels (amichaels@hballp.com)
1740 Broadway, 15th Floor
New York, New York 10018
Tel:  (212) 956-9500

*Attorneys for Defendant*
*ZV NY, Inc.*