EMCLARA
LLC

September 13, 2023

**VIA ECF**

Hon. Vernon S. Broderick, U.S. District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re: *Carrillo v. Sabbadini, et al.*; Civil Case No. 1:23-cv-05692-VSB

Your Honor:

      Undersigned counsel represents Plaintiff Cristina Carrillo ("Plaintiff") in the above-referenced matter. On August 15, 2023, Defendant ZV NY, Inc. ("ZV NY") filed a "Partial Motion to Dismiss Plaintiff's Claims" (ECF No. 18) and a "Memorandum of Law in Support of the Partial Motion to Dismiss Plaintiff's Claims" (ECF No. 19) (together, "Motion to Dismiss"). Twenty-one days later, on September 5, 2023, Plaintiff filed an "Opposition to Defendant ZV NY's Partial Motion to Dismiss" (ECF No. 21) ("Opposition"). According to *Local Civil Rule 6.1 - Service and Filing of Motions Papers* ("Local Civil Rule(s)"), Plaintiff's Opposition was due on August 30, 2023, and was therefore, untimely when it was filed. On September 12, 2023, Defendant ZV NY filed its "Reply Memorandum of Law by Defendant ZV NY, Inc. in Further Support of Partial Motion to Dismiss" (ECF 22) ("Reply") in which it moved the court to disregard Plaintiff's Opposition for it was inexcusably late.

      A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules. *See Wight v. Bankamerica Corp.*, 219 F.3d 79, 85 (2d Cir. 2000); *Somlyo v. J. Lu-Rob Enters.*, 932 F.2d 1043, 1048 (2d Cir. 1991)("[T]he district court has the inherent power to decide when a departure from its Local Rules should be excused or overlooked"). In considering such a request, a district court may consider additional factors such as the reason for the delay, the length of the delay and prejudice to the parties.

      Plaintiff's violation of Local Civil Rule 6.1 was neither intentional nor willful. The untimely filing was the direct consequence of transferring calendars pursuant to the implementation of a new legal tasks and project management system in undersigned counsel's law firm. To avoid this exact scenario, the transition included two separate human data reviews and entries were checked across systems. Upon investigation, the deadline to file the Opposition was correctly calendared in one system in accordance to the Local Civil Rules, but incorrectly calendared in another and the discrepancy between the two was resolved to the Plaintiff's detriment.

EMCLARA
LLC

      Finally, Plaintiff would be severely prejudiced if its Opposition is disregarded for violating Local Civil Rule 6.1 because, even though service of the other named defendants has not been finalized and discovery has not begun, ZV NY seeks to have several claims from Plaintiff's Complaint dismissed. This result would be contrary to the policy of resolving cases on the merits and the law.  For all these reasons, Plaintiff respectfully requests the Court's forgiveness for the late filing, failing to acknowledge its untimeliness, and failing to seek leave to file a late response pursuant to Local Civil Rule 6.1, and asks the Court to exercise its broad discretion in excusing said violation so that Plaintiff's Opposition to Defendant ZV NY's Partial Motion to Dismiss may be considered on the merits.

      Defendant ZV NY's counsel, attorney Marc Reiner, has graciously waived any objection to Plaintiff's requested relief.

      Respectfully submitted,

      _____/s/_____
      Melissa A. Bright

CC: Counsel of Record, via ECF