UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CRISTINA CARRILLO,                                          :
                                                            :
                              Plaintiff,                    :
                                                            :         23-CV-5692 (VSB)
            - against -                                     :
                                                            :         **OPINION & ORDER**
                                                            :
                                                            :
MICOL SABBADINI, *et al.*,                                  :
                                                            :
                              Defendants.                   :
------------------------------------------------------------X

Appearances:

Melissa Anne Bright
EmClara, LLC
Glen Echo, MD
*Counsel for Plaintiff*

Marc Schuyler Reiner
Hand Baldachin & Amburgey LLP
New York, NY
*Counsel for Defendant ZV NY, Inc.*

VERNON S. BRODERICK, United States District Judge:

   Plaintiff Cristina Carrillo brings this action for copyright infringement pursuant to the Copyright Act of 1976 (the "Copyright Act"), 17 U.S.C. § 101 *et seq*.  Before me is the motion of Defendant ZV NY, Inc. ("ZV NY") to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff's claim for statutory damages and attorney's fees and ZV NY's motion to limit damages to the three-year period prior to the filing of the Complaint.  For the reasons stated below, ZV NY's motion to dismiss Plaintiff's claim for statutory damages and attorney's fees is GRANTED and ZV NY's motion to limit the recoverable damages is DENIED.

I.   **Factual Background**[1]

Plaintiff Christina Carrillo, an artist who resides in New York City, participated in the New York City Women's March (the "Women's March") on January 21, 2017.  (Doc. 1 ("Complaint" or "Compl.") ¶¶ 23, 27.)  The morning of the Women's March, Plaintiff created a poster stating "Love Will Rise Above All", which is the allegedly copyrighted work that forms the basis of this action.  (*Id.* ¶ 28.)

Defendant Micol Sabbadini ("Sabbadini"), an Italian luxury fashion photographer, also attended the Women's March and took photographs using a polaroid camera.  (*Id.* ¶¶ 37–39.)  In February 2018, Defendant ZV NY— Zadig & Voltaire, a luxury women's fashion brand— partnered with Sabbadini to launch a collection consisting of three white cotton t-shirts printed with images taken by Sabbadini at the Women's March.  (*Id.* ¶¶ 43–48.)  The collaboration was announced on February 12, 2018 at the ZV NY New York Fashion Week Spring 2018 runway show.  (*Id.* ¶ 44.)  From February 2018 to the present, Sabbadini, ZV NY, and Defendant ZV France—a retailer of luxury apparel and accessories—designed, imported, manufactured, and offered for purchase the collaboration t-shirts at a retail price of $118.00 USD each.  (*Id.* ¶ 55.) Plaintiff alleges that the picture printed on one of the t-shirts consists of a copy of the "Love Will Rise Above All" poster superimposed on a different poster from the march and is made to look like a Polaroid.  (*Id.* ¶ 57.)

Plaintiff alleges that she first learned of the alleged infringement on July 4, 2020, while watching a video documentary on Frederick Douglass produced by the National Public Radio.  (*Id.* ¶ 69.)  Douglass's great-great-great granddaughter was wearing the collaboration t-shirt

---

[1] The facts set forth herein are taken from the allegations contained in the Complaint.  (Doc. 1.)  I assume Plaintiff's allegations in the Complaint to be true for purposes of this motion.  *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).  However, my reference to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

2

featuring Plaintiff's poster.  (*Id.* ¶ 70.)  On November 7, 2022, Plaintiff applied for copyright registration from the United States Copyright Office for the "Love Will Rise Above All" poster.  (*Id.* ¶ 86.)  That same day, Plaintiff's attorney notified Sabbadini, ZV NY, and ZV France that the "Love Will Rise Above All" work was used without permission and in violation of Plaintiff's copyright, and demanded that Defendants cease and desist from engaging in any further violation of Plaintiff's copyright.  (*Id.* ¶¶ 87–90.)  Defendant's "Love Will Rise Above All" poster was registered with the United States Copyright Office on December 4, 2022.  (*Id.* ¶ 92.)  Plaintiff alleges that Defendants continue to infringe on her copyrighted work.

## II.     Procedural History

Plaintiff filed her Complaint on July 1, 2023, (Doc. 1), and an AO 121 Form Copyright Notice on July 5, 2023, (Doc. 7), which was submitted by the Clerk's office on July 6, 2023, (Doc. 9).  On August 15, 2023, ZV NY filed its partial motion to dismiss, (Doc. 18), as well as an accompanying memorandum of law, (Doc. 19).  Plaintiff filed her opposition on September 5, 2023, (Doc. 21), and ZV NY filed its reply on September 12, 2023, (Doc. 22).

## III.    Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 570).  This standard demands "more than a sheer possibility that a defendant has acted unlawfully."  *Ibid.* "Plausibility . . . depends on a host of considerations:  the full factual picture presented by the

3

complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* A complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam)).

### IV.  Discussion

#### A.  *Statutory Damages and Attorney's Fees*

ZV NY argues that Plaintiff is not entitled to statutory damages or attorney's fees because any alleged infringement commenced prior to the date that Plaintiff's registration of the "Love Will Rise Above All" poster became effective. (Def.'s Mem. 1.[2]) Under Section 504(a) of the Copyright Act, a copyright infringer may be held accountable for either the copyright owner's actual damages or statutory damages. *See* 17 U.S.C. § 504(a). A court may also award reasonable attorney's fees to the prevailing party in a copyright action. *See id.* § 505. However, the Act also specifies that "no award of statutory damages or of attorney's fees, as provided by

---

[2] "Def.'s Mem." refers to ZV NY's memorandum of law in support of its partial motion to dismiss. (Doc. 19.)

4

sections 504 and 505, shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration." *Id*. § 412(2); *see also Knitwaves, Inc. v. Lollytogs Ltd. (Inc.)*, 71 F.3d 996, 1012 (2d Cir. 1995) ("17 U.S.C. § 412 precludes an award of attorney's fees for any act of infringement commenced prior to the effective date of registration of the asserted copyright."). Because infringement "commences when the first act of infringement in a series of on-going discrete infringements occurs," *Ez-Tixz, Inc. v. Hit-Tix, Inc.*, 919 F. Supp. 728, 736 (S.D.N.Y. 1996) (internal quotation marks omitted), even "where the alleged infringement begins before registration and continues after registration, statutory damages and attorney fees are still unavailable." *Solid Oak Sketches, LLC v. 2K Games, Inc.*, No. 16-CV-724, 2016 WL 4126543, at *2 (S.D.N.Y. Aug. 2, 2016) (alteration adopted and internal quotation marks omitted). Thus, courts in this district have imposed a "bright-line rule that precludes recovery of statutory damages and attorney's fees where the first act of infringement in a series of ongoing infringements occurred prior to the work's copyright registration." *Id*. (citing *Steele v. Bell*, No. 11-CV-9343, 2014 WL 1979227, at *8–9 (S.D.N.Y. Mar. 28, 2014); *Shady Records, Inc. v. Source Enters. Inc.*, No. 03-CV-9944, 2005 WL 14920, at *22 (S.D.N.Y. Jan. 3, 2005)).

Here, because the Complaint alleges that ZV NY's alleged infringement commenced in February 2018, (Compl. ¶¶ 47–55, 60), prior to the December 4, 2022 effective date of the copyright registration, (*id*. ¶ 92), Plaintiff is not entitled to recover either statutory damages or attorney's fees. Plaintiff's argument in opposition that ZV NY "proffers no evidence that their infringement was continuous" evinces a misunderstanding of the law and is belied by her own pleadings. (Plf.'s Opp. 5.[3]) As an initial matter, Plaintiff does not cite any law in support of her

---

[3] "Plf.'s Opp." refers to Plaintiff's memorandum of law in opposition to ZV NY's partial motion to dismiss. (Doc.

argument. However, the Second Circuit has explained that a post-registration act of infringement is not "deemed to have commenced before registration if the infringing activity ceased for an appreciable period of time." *Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150, 159 (2d Cir. 2007). No such cessation is present here. Indeed, far from alleging that ZV NY's infringement "ceased for an appreciable period of time," *id*., the Complaint alleges that ZV NY's "continued use" of Plaintiff's work "from February of 2018 to the present" constitutes infringement, (Compl. ¶¶ 89, 55). The infringement that allegedly occurred prior to copyright registration is therefore the same infringement that occurred after copyright registration. Thus, Plaintiff is not entitled to recover either statutory damages or attorney's fees, and ZV NY's motion to dismiss Plaintiff's claims for statutory damages and attorney's fees is GRANTED.

### B.     *Limitation on Damages*

ZV NY also argues that pursuant to the Copyright Act's statute of limitations, any award of damages and profits should be limited to the three years preceding July 1, 2023, the date the Complaint was filed. (Def.'s Mem. 4.) The Copyright Act provides that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). In the Second Circuit, pursuant to the "discovery rule," "an infringement claim does not 'accrue' until the copyright holder discovers, or with due diligence should have discovered, the infringement." *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124 (2d Cir. 2014) (quoting 17 U.S.C. § 507(b)). In advancing its argument that Plaintiff's recovery is limited, ZV NY relies on the Second Circuit's decision in *Sohm v. Scholastic Inc.*, 959 F.3d 39, 51 (2d Cir. 2020), which applied the discovery rule but imposed a three-year limit on damages that was distinct from any rule of accrual. However, since the

---

21.)

parties briefed this motion, the Supreme Court issued its decision in *Warner Chappell Music, Inc. v. Nealy*, 601 U.S. 366 (2024) which abrogated *Sohm* and held that a "copyright owner possessing a timely claim is entitled to damages for infringement, no matter when the infringement occurred," *id*. at 372.  At least one court in this Circuit has since explained that "[b]ased on *Warner*, if [a plaintiff's] claims were timely filed, then [the plaintiff] can now recover for damages no matter how long ago the infringement occurred." *IBM Corp. v. Micro Focus (US) Inc.*, No. 22-CV-9910, 2024 WL 2240281, at *5 (S.D.N.Y. May 17, 2024), *objections overruled*, No. 22-CV-9910, 2024 WL 3346078 (S.D.N.Y. July 8, 2024).  Therefore, in light of this intervening authority, I decline to limit Plaintiff's potential damages to the three-year period preceding July 1, 2023, and Defendant's motion to limit damages to this period is DENIED.

## V.    Conclusion

For the foregoing reasons, Defendants' partial motion to dismiss is GRANTED in part and DENIED in part.  ZV NY's motion to dismiss Plaintiff's claims for statutory damages and attorney's fees is GRANTED, and its motion to limit damages is DENIED.

Defendants shall file an answer to the Complaint within thirty days of the date of the filing of this Opinion & Order.  The Clerk of Court is respectfully directed to terminate the open motion at Doc. 18.

SO ORDERED.

Dated: October 17, 2024
       New York, New York

_____
Vernon S. Broderick
United States District Judge