UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
    CRISTINA CARRILLO,

                     Plaintiff,

           -against-                               23-CV-5692 (VSB)

                                       **ORDER**

    MICOL SABBADINI, *et al.*,

                    Defendants.
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

       On November 4, 2024, Defendant ZV France, S.A.S. filed a letter motion to (1) set aside the entry of default against ZV France and (2) order that ZV France's response to the complaint be due November 17, 2024. (Doc. 50.) Notably, Plaintiff consents to both requests. (*Id.*)

       A district court may set aside the entry of a default "for good cause." Fed. R. Civ. P. 55(c). "In deciding whether to relieve a party from a default or a default judgment, a district court considers three factors: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Henry v. Oluwole*, 108 F.4th 45, 52 (2d Cir. 2024) (internal quotation marks omitted).

       ZV France has argued that the default was not willful and, in the alternative, that there is good cause for setting aside the entry of default. (Doc. 48.) First, ZV France argues that default was not willful because service was improper. (*Id.* at 3.) Second, ZV France previews two defenses: (1) the poster at issue here was "not eligible for copyright protection," and (2) even if it were copyrighted, ZV France's usage constituted fair use. (*Id.* at 3–4.) Although I had invited

ZV France to make these arguments in initial papers and for Plaintiff to oppose, (Doc. 49), the parties seem to agree that such briefing is not necessary (Doc. 50.)  Accordingly, I find that the first and third factors, on balance, weigh in favor of setting aside the default.

Importantly, Plaintiff has consented to the request to set aside the judgment and agreed that "this matter should be heard on the merits."  (Doc. 50.)  Plaintiff's consent indicates that Plaintiff would not be prejudiced if the default were set aside.

Therefore, pursuant to Federal Rule of Civil Procedure 55(c), I find good cause to set aside the entry of default.

Accordingly, it is hereby:

ORDERED that the entry of default against Defendant ZV France, S.A.S. is set aside.

ORDERED that Defendant ZV France, S.A.S.'s response to the complaint is due November 17, 2024.

SO ORDERED.

Dated: November 6, 2024
New York, New York

_____
Vernon S. Broderick
United States District Judge