UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
CRISTINA CARRILLO,                                          :
                                                            :
                              Plaintiff,                    :
                                                            :         23-CV-5692 (VSB)
                 -v-                                        :
                                                            :         **OPINION & ORDER**
                                                            :
MICOL SABBADINI, *et al.*,                                  :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X

Appearances:

Melissa Anne Bright
EmClara, LLC
Glen Echo, MD
*Counsel for Plaintiff*

Marc Schuyler Reiner
Hand Baldachin & Amburgey LLP
New York, NY
*Counsel for Defendants ZV France S.A.S. and ZV NY, Inc.*

VERNON S. BRODERICK, United States District Judge:

On July 1, 2023, Plaintiff Cristina Carrillo filed a complaint against Defendants Micol Sabbadini, ZV NY, Inc. ("ZV NY"), ZV France, S.A.S. ("ZV France"), and John Does 1-10 (collectively, the "Defendants") alleging copyright infringement claims. (Doc. 1, "Complaint".) Plaintiff filed affidavits of service for ZV NY and ZV France on August 12, 2023, and June 27, 2024, respectively. (Docs. 16, 25.)

On June 28, 2024, Plaintiff filed the present Motion for Alternative Service under Federal Rule of Civil Procedure 4(f)(3). (Doc. 26.) In support of her motion, Plaintiff filed, among other

1

things, a memorandum of law, ("Pl. Mem."[1]), and an affidavit of Melissa A. Bright, Plaintiff's counsel, ("Bright Decl."[2]). Because Plaintiff adequately states a basis for alternative service pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff's motion is GRANTED.[3]

## I.   Service Pursuant to Rule 4(f)(3)

Plaintiff seeks alternative means to serve Defendant Sabbadini, who is located in Italy, under Federal Rule of Civil Procedure 4(f)(3). (Pl. Mem. 5.) Rule 4(f)(3) permits service on an individual in a foreign country "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Whether to allow alternative service under Rule 4(f)(3) is "committed to the sound discretion of the district court." *RSM Prod. Corp. v. Fridman*, No. 06-CV-11512, 2007 WL 1515068, at *1 (S.D.N.Y. May 24, 2007) (quoting *Brockmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004)).

Although service under Rule 4(f)(3) is not considered a last resort, some courts have required a plaintiff seeking service under Rule 4(f)(3) to have already reasonably attempted to serve the defendant. *See, e.g.*, *Halvorssen v. Simpson*, 328 F.R.D. 30, 34–35 (E.D.N.Y. 2018); *In GLG Life Tech Corp. Sec. Litig.,* 287 F.R.D. 262, 265–66 (S.D.N.Y. 2012); *Devi v. Rajapaska*, No. 11-CV-6634, 2012 WL 309605, at *2 (S.D.N.Y. Jan. 31, 2012).

Plaintiff details her various attempts at serving Sabbadini, beginning from the day after

---

[1] "Pl. Mem." refers to Plaintiff's memorandum of law in support of her Motion for Alternative Service, dated June 28, 2024. (Doc. 26-1.)

[2] "Bright Decl." refers to Melissa A. Bright's declaration in support of Plaintiff's Motion for Alternative Service, dated June 28, 2024. (Doc. 26-2.)

[3] I note that in their answer, Defendants ZV NY and ZV France allege crossclaims of breach of contract against Defendant Micol Sabbadini. (Doc. 52 at 15–18.) However, the fact that Sabbadini may be a crossclaim defendant in this action is not relevant to the analysis in this Opinion & Order. Defendants ZV NY and ZV France have not filed affidavits of service of their crossclaims against Defendant Sabbadini. Nor have they moved for alternative service or made any other requests about serving Sabbadini. I therefore do not opine on whether Defendants ZV NY and ZV France may serve their crossclaims to Sabbadini through her email address or another alternative means of service.

2

this Complaint was filed. (Bright Decl. ¶ 13 (email of the Complaint to Sabbadini's attorney, Avv. Nino Di Bella).) Even before the Complaint was filed, Plaintiff corresponded with Sabbadini regarding the issues underlying this case by sending correspondence to an email address, sabbadinim@gmail.com, which presumably is Sabbadini's personal email address. (*Id.* ¶ 7.) Sabbadini seems to be aware of this action, as indicated by the various email correspondence between Plaintiff and Sabbadini. (*Id.* ¶ 29 (email from Sabbadini to Bright regarding "Court E-Mails").) Plaintiff also emailed copies of the Complaint and Sabbadini's Summons, among other papers, to Sabbadini's attorney Avv. Yuri Nadelreich and his successor Nancy Wolff. (*Id.* ¶¶ 15–18.) Sabbadini, through her U.S. counsel Wolff, twice refused Plaintiff's request to waive service. (*Id.* ¶¶ 20, 23.) Plaintiff's counsel accordingly reached out to seven service-of-process companies to effectuate service on Sabbadini in Italy in a manner consistent with the Hague Convention. (*Id.* ¶ 24.) However, Plaintiff was unable to retain any service-of-process company because Plaintiff could not provide Sabbadini's address, which was required under the Hague Convention. (*Id.* ¶ 25.) Plaintiff's counsel then hired an Italian private investigator who made various attempts to find out Sabbadini's address, but was unable to do so. (*Id.* ¶¶ 26–27.) These attempts demonstrate the time and resources Plaintiff expended in diligent efforts to serve Sabbadini. For these reasons, I find that Plaintiff's multiple attempts at service are sufficient to show that Court intervention is necessary.

Plaintiff seeks to serve Sabbadini using her personal email address, and as a "backstop" Sabbadini's U.S. counsel Nancy Wolff as well as Sabbadini's official Instagram account. (Pl. Mem. 14–16.) Plaintiff argues that although Italy and the United States are parties to the Hague Convention, Plaintiff cannot serve Sabbadini because Plaintiff does not know Sabbadini's address, despite significant efforts to determine that address. (*Id.* at 9.) I find that alternative

service by email, along with the "backstop" of serving via Sabbadini's U.S. counsel and Instagram account, is warranted under Rule 4(f)(3).

First, Plaintiff may serve Sabbadini using her personal email address, sabbadinim@gmail.com. *Zanghi v. Ritella*, No. 19-CV-5830, 2020 WL 589409 (S.D.N.Y. Feb. 5, 2020), is particularly instructive where a plaintiff requests court approval to serve a defendant by email. In *Zanghi*, the court granted Plaintiffs' request to serve one defendant, who was located in Italy, by email. 2020 WL 589409, at *6–7. The court granted Plaintiffs' request to serve a defendant using an email address because (1) that defendant's recent usage of that email address "indicate[d] that an email to it is likely to reach him," and (2) that defendant used that email address to send an email which "implicate[d] one of the factual bases for plaintiffs' claims." *Id.* at *6 (citations omitted). Similarly, Plaintiff here shows Sabbadini's recent and consistent usage of the email address, suggesting that an email will likely reach Sabbadini. Further, Plaintiff's proffered emails show that sabbadinim@gmail.com was used in connection with the instant action, including about both the underlying issues of this case and even updates in the docket for deficient-filing notices. (*Id.* at 6–7 (citing various emails with Sabbadini).)

Second, as a "backstop," Plaintiff is directed to serve Sabbadini's U.S. counsel. Service on a foreign defendant's U.S. counsel is appropriate where that U.S. counsel will inform the foreign defendant of the case. *See, e.g.*, *In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. at 267 (service on U.S. counsel was "virtually guaranteed to provide notice to" the defendant); *NYKCool A.B. v. Pac. Int'l Servs., Inc.*, No. 12-CV-5754, 2015 WL 998455, at *4 (S.D.N.Y. Mar. 5, 2015) ("clear that [defendant's] lawyers are in touch with him"). Here, Plaintiff has already corresponded with Sabbadini's counsel, both U.S. and non-U.S, despite Sabbadini changing counsel numerous times. (Bright Decl. ¶¶ 10, 12, 17–23.) Sabbadini herself has either

4

included her U.S. counsel in email correspondence with Plaintiff, (*id.* ¶ 9), or referred Plaintiff to correspond with U.S. counsel, (*id.* ¶¶ 29–30). Moreover, Sabbadini twice rejected Plaintiff's request for Sabbadini to waive service, both times through Sabbadini's U.S. counsel. (*Id.* ¶¶ 21, 23.) These facts indicate that Sabbadini is in contact with her U.S. counsel, and therefore that service on U.S. counsel would provide notice of this action to Sabbadini.

Finally, as another "backstop," Plaintiff is directed to serve the Complaint and Summons by private message to Sabbadini's official Instagram account. Courts have allowed service through social media platforms as a "backstop" for service by other means. *See Doe v. Hyassat*, 337 F.R.D. 12, 15–16 (S.D.N.Y. 2020) (collecting cases). Plaintiff has shown that Sabbadini regularly posts on her Instagram account, including posts of the allegedly copyrighted works. (*Id.* ¶ 33.) In addition, Plaintiff has shown that Sabbadini's Instagram account has a blue checkmark verification badge. (*See id.*; Pl. Mem. 16.) These facts further suggest that service by Instagram message as a backstop would also provide notice to Sabbadini regarding the instant Complaint.

## II.   Due Process

Although service by email is allowable under Rule (4)(3), service must also "comport[] with constitutional notions of due process." *Zanghi*, 2020 WL 589409, at *6 (internal quotation marks omitted). "[A] means of service comports with due process if it is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Fisher v. Petr Konchalovsky Found.*, No. 15-CV-9831, 2016 WL 1047394, at *2 (S.D.N.Y. Mar. 10, 2016) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). It is well settled that service of foreign defendants by email can satisfy due process. *See AMTO, LLC v. Bedford Asset Mgmt.*, LLC, No.

14-CV-9913, 2015 WL 3457452, at *7 (S.D.N.Y. June 1, 2015) ("[T]he Court concludes that, as a general matter, service via email for a defendant residing in Russia may qualify as an alternative means of service under Rule 4(f)(3)"); *Philip Morris USA Inc. v. Veles Ltd.*, No. 06-CV-2988, 2007 WL 725412, at *2 (S.D.N.Y. Mar. 12, 2007) ("[F]ederal courts have approved email service of process as an appropriate means under Rule 4 in proper circumstances."); *FTC v. PCCare247 Inc.*, No. 12-CV-7189, 2013 WL 841037, at *4–5 (S.D.N.Y. Mar. 7, 2013) (granting service by email and Facebook on a defendant in India).

Plaintiff's historical email correspondence with Sabbadini suggest that she "would be likely to receive the summons and complaint at the given email address." *Kelly Toys Holdings, LLC v. Top Department Store*, No. 22-CV-558, 2022 WL 3701216, at *9 (S.D.N.Y. Aug. 26, 2022) (internal quotation marks omitted). Moreover, as Plaintiff notes, Sabbadini's responsiveness to that email address in the past indicates that she would likely receive and view the Complaint and Summons if served to that email address. (Pl. Mem. 14 (citing Bright Decl. ¶ 9).)

Given these facts, service by email is reasonably calculated to provide Sabbadini with notice of this action and is the means most likely to provide Sabbadini notice of this case, if she did not have notice already. Service by email to Sabbadini's U.S. counsel and by private message to Sabbadini's verified Instagram account, as backstops, would also increase the likelihood that Sabbadini has notice of this case. Accordingly, I find that service by the alternative means requested here comport with due process.

### III. Conclusion

For the reasons stated herein, Plaintiff's motion to serve by alternate means is GRANTED. Plaintiff may serve Defendant Micol Sabbadini by email at

sabbadinim@gmail.com, and, as a backstop, by email to Sabbadini's U.S. counsel and by private message to Sabbadini's Instagram account. The Clerk's Office is respectfully directed to terminate the open motion at Doc. 26.

SO ORDERED.

Dated:   January 27, 2025
         New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge