UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CRISTINA CARRILLO,

                                        Plaintiff,

                      -v-

MICOL SABBADINI, ZV NY, INC., ZV
FRANCE, S.A.S., and JOHN DOES 1–10,

                                        Defendants.

---

23-cv-5692 (SHS) (OTW)

<u>OPINION & ORDER</u>

SIDNEY H. STEIN, U.S. District Judge.

Defendant Micol Sabbadini has moved to dismiss plaintiff Cristina Carrillo's complaint against her for lack of personal jurisdiction and failure to state a claim upon which relief can be granted.  (Dkt. No. 67.)  Sabbadini's motion is denied because the Court does have personal jurisdiction over Sabbadini and Carrillo's complaint adequately states a claim against Sabbadini for copyright infringement.

## I.   BACKGROUND

The following facts are taken from Carrillo's complaint and are assumed to be true for the purposes of this motion.  *See Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 113 (2d Cir. 2023); *Miller v. Metro. Life Ins. Co.*, 979 F.3d 118, 121 (2d Cir. 2020).

Carrillo is a New York City resident and an artist who participated in the New York City Women's March on January 21, 2017.  (Dkt. No. 1 ("Compl.") ¶¶ 23, 27.)  On the morning of the Women's March, Carrillo created a poster bearing the stylized words "Love Will Rise Above All" to carry at the event.  (*Id.* ¶ 28.)  The "Love Will Rise Above All" art is the work underlying this infringement action.

Sabbadini is an Italian luxury fashion photographer who also attended the Women's March in New York City while on assignment from W Magazine.  (*Id.* ¶ 37.)  Sabbadini took photographs at the Women's March using a Polaroid camera.  (*Id.* ¶ 39.)

Defendants ZV NY, Inc. and ZV France, S.A.S. (together, "ZV") are fashion companies that sell men's and women's apparel at a luxury price point under the "Zadig & Voltaire" brand.  (*Id.* ¶ 11.)

In mid-2017, Sabbadini partnered with ZV to create a collection of three t-shirt designs bearing images based on the Polaroids Sabbadini took at the Women's March.  (*Id.* ¶¶ 43–48.)  This collaboration was announced at the close of the Zadig & Voltaire New York Fashion Week – Spring 2018 runway show on February 12, 2018.  (*Id.* ¶ 44.)

Sabbadini and ZV designed, imported, manufactured, and have offered for sale the three t-shirts at a retail price of $118 each from February 2018 to the present.  (*Id.* ¶ 55.)  One of the t-shirt designs bears an edited image which depicts Carrillo's "Love Will Rise Above All" work superimposed on a poster carried by another person at the Women's March.  (*Id.* ¶¶ 48, 57.)

Carrillo was not aware of the t-shirts bearing the "Love Will Rise Above All" image until July 4, 2020, when she saw a woman wearing one of the shirts in a documentary about Frederick Douglas.  (*Id.* ¶¶ 69–72.)  Carrillo thereafter applied for copyright registration for the "Love Will Rise Above All" artwork on November 7, 2022, and, through her attorney, notified Sabbadini and ZV the same day that the artwork was being used by Sabbadini and ZV without Carrillo's permission and in violation of Carrillo's copyright.  (*Id.* ¶¶ 86–90.)  The artwork was registered with the United States Copyright Office on December 4, 2022.  (*Id.* ¶ 92.)

Based on these allegations, Carrillo asserts a claim against Sabbadini for copyright infringement.  (*Id.* ¶¶ 108–30.)

## II.  ANALYSIS

### A.  Motion to Dismiss for Lack of Personal Jurisdiction

"[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)."  *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007).  The Court therefore begins its analysis with Sabbadini's contention that the Court lacks personal jurisdiction over her and the action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) for want of personal jurisdiction.

A court may have personal jurisdiction over a defendant either as a matter of (a) "general" or "all-purpose" jurisdiction or (b) "specific" or "conduct-linked" jurisdiction.  *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014).  "Specific jurisdiction is available when the cause of action sued upon arises out of the defendant's activities in a state."  *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016).  "General jurisdiction, in contrast, permits a court to adjudicate any cause of action against the . . . defendant, wherever arising, and whoever the plaintiff."  *Id.*

When there is no dispute that a defendant was properly served, a court conducts a two-part inquiry to determine whether the exercise of personal jurisdiction over a defendant is proper:  the court must first locate a statutory basis for the exercise of personal jurisdiction and, if there is such a statutory basis, the court must then determine whether its exercise of personal jurisdiction comports with constitutional due

process.  *See NLRB v. Universal Smart Conts., LLC*, 166 F.4th 304, 314 (2d Cir. 2026); *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007); *Dow Jones & Co. v. Perplexity AI, Inc.*, 797 F. Supp. 3d 305, 319 (S.D.N.Y. 2025).  A federal district court applies the law of the forum state—here, New York—to determine whether personal jurisdiction lies.  *See U.S. Bank Nat'l Assoc. v. Bank of Am. N.A.*, 916 F.3d 143, 149 (2d Cir. 2019); *Lockheed Martin Corp.*, 814 F.3d at 624.

When a defendant moves to dismiss a complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), "the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant."  *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999).  "[A] Rule 12(B)(2) motion . . . assumes the truth of the plaintiff's factual allegations for purposes of the motion and challenges their sufficiency."  *Dorchester Fin. Servs., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85 (2d Cir. 2013) (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)).

The U.S. Court of Appeals for the Second Circuit has "long made clear that '[i]n deciding a pretrial motion to dismiss for lack of personal jurisdiction a district court has considerable procedural leeway.'"  *Id.* at 84 (alteration in original) (quoting *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir.1981)).  "It may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion."  *Id.* (quoting *Marine Midland Bank*, 664 F.2d at 904).  "If a court does not conduct an evidentiary hearing on the issue of personal jurisdiction, as is the case here, 'the plaintiff need only make a *prima facie* showing that the court possesses personal jurisdiction over the defendant.'"  *Dow Jones & Co.*, 797 F. Supp. 3d at 318 (quoting *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001) (per curiam)).  While a court may consider materials outside the pleadings even where it does not hold an evidentiary hearing on the jurisdictional question, factual disputes regarding a plaintiff's jurisdictional allegations may not be resolved at the motion to dismiss stage.  *Dorchester*, 722 F.3d at 86.  Instead, a court must evaluate only whether plaintiff has "made a *prima facie* showing of personal jurisdiction notwithstanding any controverting presentation by [the defendant]."  *Id.* (internal quotation marks and citation omitted).

### 1.  General Personal Jurisdiction

The complaint alleges in regard to Sabbadini simply that she is "a professional photographer who resides in Milan, Italy and New York City, New York" (Compl. ¶ 5) who "attended the New York City Women's March on January 21, 2017, on assignment from W Magazine" (*id.* ¶ 37) and who "regularly and systematically conducts business

3

in this district and maintains part-time residency in the state of New York" (*id.* ¶ 16). That is insufficient to allege general jurisdiction over Sabbadini in New York.

New York's general jurisdiction statute, N.Y. C.P.L.R. § 301, "preserves the common law notion that a court may exercise general jurisdiction over a nondomiciliary defendant if the defendant is engaged in such a continuous and systematic course of doing business here as to warrant a finding of its presence in this jurisdiction." *Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792, 798–99 (S.D.N.Y. 2015) (internal quotation marks and citation omitted), *aff'd*, 660 F. App'x 43 (2d Cir. 2016).

"General jurisdiction over an individual comports with due process in the forum where he is 'at home,' meaning the place of 'domicile.'" *Reich v. Lopez*, 858 F.3d 55, 63 (2d Cir. 2017) (quoting *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014) (per curiam)). "One may have more than one residence in different parts of this country or the world, but a person may have only one domicile." *Id.* (quoting *United States v. Venturella*, 391 F.3d 120, 125 (2d Cir. 2004)). "In an 'exceptional case,' an individual's contacts with a forum might be so extensive as to support general jurisdiction notwithstanding domicile elsewhere, but the Second Circuit has yet to find such a case." *Id.* (quoting *Daimler*, 571 U.S. at 139 n.19).

Here, crediting Carrillo's allegations for purposes of Sabbadini's Rule 12(b)(2) motion, Sabbadini is not domiciled in New York, nor are Sabbadini's contacts with New York so extensive that this is the "exceptional case," *Daimler*, 571 U.S. at 139 n.19, in which general jurisdiction is appropriate over a non-domiciliary. *Cf. In re Laggner*, No. 22-mc-341, 2025 WL 311198, at *5–6 (S.D.N.Y. Jan. 28, 2025) (determining statements that a "non-U.S. citizen" "maintains a residence in New York" and "split his time between New York and London" did not make out a *prima facie* case of domicile in New York).

### 2. *Specific Personal Jurisdiction*

Although Sabbadini is not subject to general jurisdiction in New York, Sabbadini is subject to specific jurisdiction in New York for Carrillo's claims against her arising out of work Sabbadini allegedly performed in New York.

New York's specific jurisdiction statute, N.Y. C.P.L.R. § 302(a), permits courts to exercise personal jurisdiction over a non-domiciliary defendant with respect to "a cause of action arising from" any of four types of contact with New York:

(1) "transact[ing] any business within the state or contract[ing] anywhere to supply goods or services in the state";

(2) "commit[ting] a tortious act within the state," except defamation of character;

(3) "commit[ting] a tortious act without the state causing injury to person or property within the state," except defamation of character, if the tortfeasor either

> (i) "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state" or

> (ii) "expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce"; or

(4) "own[ing], us[ing] or possess[ing] any real property situated within the state."

N.Y. C.P.L.R. § 302(a)(1)–(4).  Carrillo contends that Sabbadini is subject to specific jurisdiction pursuant to each of section 302(a)(1), (a)(2), (a)(3), and (a)(4).  The Court finds that Sabbadini is subject to specific jurisdiction pursuant to section 302(a)(1) and therefore need not consider whether Sabbadini is also subject to jurisdiction based on the other subdivisions of N.Y. C.P.L.R. § 302(a).

To establish personal jurisdiction under N.Y. C.P.L.R. § 302(a)(1), "two requirements must be met:  (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity."  *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006) (citing *McGowan v. Smith*, 52 N.Y.2d 268, 273 (1981)).  "New York courts have held that a claim 'aris[es] from' a particular transaction when there is 'some articulable nexus between the business transacted and the cause of action sued upon' or when 'there is a substantial relationship between the transaction and the claim asserted.'"  *Id.* (alteration in original) (first quoting *McGowan*, 52 N.Y.2d at 272, then quoting *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467 (1988)).

Here, Carrillo has alleged that Sabbadini attended the Women's March and took Polaroid pictures of participants while "on assignment from W Magazine" (Compl. ¶ 37), and Carrillo's copyright claim is based on photographs Sabbadini allegedly took for W Magazine while at the Women's March.  This is sufficient to make a *prima facie* showing that Sabbadini is subject to specific jurisdiction in New York pursuant to N.Y. C.P.L.R. § 302(a)(1) because Carrillo has alleged that Sabbadini transacted business in New York—taking photographs in New York on assignment for a magazine—and

Carrillo's claim for copyright infringement is directly related to Sabbadini's alleged business activity in New York.[1]

Exercise of personal jurisdiction over Sabbadini is also consistent with federal due process because, for the reasons set forth above, Carrillo has made a *prima facie* showing that Sabbadini has sufficient minimum contacts with New York that maintenance of this action does not offend traditional notions of fair play and substantial justice.  *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 169 (2d Cir. 2013); *Wallert v. Atlan*, 141 F. Supp. 3d 258, 274 (S.D.N.Y. 2015) ("Because CPLR 302 does not reach as far as the constitution permits, if a defendant is amenable to long-arm jurisdiction in New York, the constitutional standard is satisfied." (citation omitted)); *Tianbo Huang v. iTV Media, Inc.*, 13 F. Supp. 3d 246, 256 (E.D.N.Y. 2014).

### B.  Motion to Dismiss for Failure to State a Claim

Sabbadini also contends that the action against her should be dismissed because Carrillo fails to state a claim for copyright infringement.  Sabbadini's motion is denied because the complaint adequately states a claim for copyright infringement by alleging that Sabbadini reproduced the copyrighted "Love Will Rise Above All" artwork by photographing it in New York and then created further copies of the work on t-shirts for sale in violation of Carrillo's copyright.

"To establish a claim of copyright infringement, 'two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'"  *Abdin v. CBS Broad. Inc.*, 971 F.3d 57, 66 (2d Cir. 2020) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

Carrillo has adequately stated a claim for copyright infringement against Sabbadini. Drawing all reasonable inferences from the complaint in Carrillo's favor, *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004), Carrillo alleges that she holds a valid copyright in her "Love Will Rise Above All" work and that Sabbadini took a Polaroid photograph of it—*i.e.*, copied or reproduced it—at the Women's March in New York City and later placed it on luxury t-shirts for sale.  It is not a novel statement of law that "[c]opyright law gives the [owner] the right to prevent copying of the copyrighted work in any

---

[1] Sabbadini vigorously disputes that she attended and took photographs at the Women's March while on assignment for W Magazine.  (Dkt. No. 68 ("MTD") at 7–8.) This is insufficient to defeat Carrillo's *prima facie* showing for purposes of this motion, however, given that the Court assumes the truth of Carrillo's jurisdictional allegations and given that neither party has asked the Court to conduct an evidentiary hearing on the jurisdictional issue.  *See Dorchester*, 722 F.3d at 86.

medium," *Pearson Educ., Inc. v. Boundless Learning, Inc.*, 919 F. Supp. 2d 434, 436 (S.D.N.Y. 2013), and that "[p]hotographic reproductions of portions of [a] copyrighted work . . . constitute infringement," *Sub-Contractors Register v. McGovern's Contractors & Builders Manual*, 69 F. Supp. 507, 510 (S.D.N.Y. 1946).

Sabbadini contends that Carrillo's compliant fails to state a claim because "the allegedly infringing actions Plaintiff attributes to Sabbadini took place entirely abroad, and Plaintiff has failed to plead a predicate act of infringement in the United States that would bring this case under the Copyright Act." (MTD at 17.) "It is well established that copyright laws generally do not have extraterritorial application." *Craig v. UMG Recordings, Inc.*, 380 F. Supp. 3d 324, 331 (S.D.N.Y. 2019) (quoting *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988)). However, "if a defendant (1) commits a predicate infringing act . . . in the United States, and (2) the act permits further reproduction abroad, the defendant might be liable for related infringing acts occurring outside the country." *Id.* (citing *Robert Stigwood Grp. Ltd. v. O'Reilly*, 530 F.2d 1096, 1101 (2d Cir. 1976)). Here, the Court need look no further than Carrillo's allegation that Sabbadini infringed the copyright in her "Love Will Rise Above All" work by taking a Polaroid photograph of—*i.e.*, reproducing—Carrillo's poster at the Women's March in New York City. This alleged reproduction of Carrillo's copyrighted work in New York is a predicate act of infringement within the United States that brings Sabbadini's further alleged infringements abroad—placing the work on t-shirts—within the ambit of the Copyright Act.

Sabbadini asserts several defenses in support of her motion to dismiss Carrillo's complaint for failure to state a claim: (1) that Sabbadini's use of Carrillo's work is fair use (MTD at 19–20); (2) that Carrillo granted Sabbadini an implied license to take the photograph of the "Love Will Win Above All" work and to use the work via a July 4, 2020 Instagram message (MTD at 19, 22–23); (3) that Carrillo is equitably estopped from asserting this infringement claim because she consented to Sabbadini taking the photograph of the work and sent Sabbadini an enthusiastic Instagram message regarding the t-shirts bearing a reproduction of the work (MTD at 23); and (4) that Carrillo holds only a thin copyright in the work and Sabbadini's reproductions of the work were not infringing because Sabbadini modified the work (MTD at 24–25).

*First*, the Court will not determine on this motion to dismiss whether Sabbadini's use of Carrillo's work is fair use. A court normally "cannot engage in the fair use inquiry until it has been presented with facts relevant to evaluating the fair use factors." *Graham v. Prince*, 265 F. Supp. 3d 366, 377 (S.D.N.Y. 2017) (citing *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 560 (1985)). The Court simply does not have sufficient information to evaluate the fair use factors based solely on Carrillo's complaint. *See id.* ("Due to the fact-sensitive nature of the inquiry, courts generally do

not address the fair use defense until the summary judgment phase." (citing *TCA Television Corp. v. McCollum*, 839 F.3d 168, 178 (2d Cir. 2016))).

*Second*, drawing all reasonable inferences from the complaint in Carrillo's favor, *McKenna*, 386 F.3d at 436, the allegations of the complaint do not establish that Carrillo granted Sabbadini an implied license for Sabbadini to reproduce the work. "A defendant bears the burden of proof to show that a plaintiff impliedly licensed its work for the defendant's use." *Flo & Eddie, Inc. v. Sirius XM Radio Inc.*, 80 F. Supp. 3d 535, 539 (S.D.N.Y. 2015) (citing *Bourne v. Walt Disney Co.*, 68 F.3d 621, 631 (2d Cir. 1995)). "That burden is not easy to meet," *id.*, and a defendant must show a "meeting of the minds between the parties to permit the particular usage at issue," *ABKCO Music, Inc. v. Sagan*, 50 F.4th 309, 320 (2d Cir. 2022). The July 4, 2020 Instagram message that Sabbadini believes gave her an implied license to reproduce the work is insufficient to constitute "evidence of a meeting of the minds between the licensor and licensee such that it is fair to infer that the licensor intended to grant a nonexclusive license." *Flo & Eddie*, 80 F. Supp. 3d at 539 (quoting *Assoc. Press v. Meltwater U.S. Holdings, Inc.*, 931 F. Supp. 2d 537, 562 (S.D.N.Y. 2013)).

*Third*, Carrillo is not equitably estopped from asserting an infringement claim against Sabbadini. A copyright defendant invoking equitable estoppel must show that "1) the plaintiff had knowledge of defendant's infringing acts, 2) the plaintiff either intended that defendant rely on his acts or omissions or acted or failed to act in such a manner that defendant had a right to believe that it was intended to rely on plaintiff's conduct, 3) the defendant was ignorant of the true facts, and 4) the defendant relied on plaintiff's conduct to its detriment." *O'Neil v. Ratajkowski*, 563 F. Supp. 3d 112, 134 (S.D.N.Y. 2021) (quoting *Dallal v. N.Y. Times Co.*, No. 05-2924, 2006 WL 463386, at *1 (2d Cir. Feb. 17, 2006) (summary order)); *see Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 684 (2014). Sabbadini does not come close to making this showing. As set forth above, assuming the complaint's allegations as true, Carrillo did not contemporaneously consent to Sabbadini taking the Polaroid photograph of the "Love Will Rise Above All" poster. Sabbadini fails to identify any act she took in reliance on Carrillo's July 4, 2020 Instagram message, which post-dates much of Sabbadini's allegedly infringing conduct, including her partnership with ZV to produce the contested t-shirts bearing reproductions of Carrillo's work. Sabbadini therefore fails to establish at this point in the litigation that Carrillo is equitably estopped from asserting an infringement claim against her.

*Finally*, Sabbadini's argument that Carrillo's copyright in the work is thin and that Sabbadini's slightly modified reproduction of it therefore is non-infringing is unavailing. Even assuming Carrillos' copyright is "thin" (a finding the Court does not make), infringement of even a "thin" copyright may be established by "very close

copying." *Beaudin v. Ben & Jerry's Homemade, Inc.*, 95 F.3d 1, 2 (2d Cir. 1996). Sabbadini urges that the reproduction of the work on the t-shirts differs from Carrillo's original work because the t-shirts are "primarily [in] black and white, with only a hint of dark red," whereas the original work was in color and because Sabbadini altered the appearance of the letter "W" in the work. (MTD at 24–25.) These alterations do not change the fact that the reproduction of the work on the collaboration t-shirts is an almost-exact copy of Carrillo's original work. Even assuming Carrillo's copyright is thin, therefore, Carrillo adequately states a claim for infringement.

## III. CONCLUSION

The Court has personal jurisdiction over Sabbadini and Carrillo states a claim against Sabbadini for copyright infringement. Sabbadini's motion to dismiss the complaint against her is accordingly denied.


Dated:  New York, New York
        March 31, 2026


                        SO ORDERED:

                        _____
                        Sidney H. Stein, U.S.D.J.